STATE of Missouri, DIVISION OF
CHILD SUPPORT ENFORCE-
MENT, Appellant,

v.

Richard J. GRIMES, Sr. and Shelly
Sue Grimes, Respondents.

No. ED 75222.

Missouri Court of Appeals,
Eastern District,
Southern Division.

July 6, 1999.

Rehearing Denied Sept. 1, 1999.

Robert S. Moss, Ribin Ruhe Murray, St. Louis, for appellant.

Geoffrey L. Pratte, Farmington, for respondent.

KENT E. KAROHL, Judge.

The Division of Child Support Enforcement of the Missouri Department of Social Services ("DCSE") appeals an award of attorney's fees. The trial court sustained a motion for attorney's fees filed by Richard Grimes, Sr. and Shelly Grimes on the authority of sections 536.085 and 536.087 RSMo 1994.

The DCSE's point on appeal states:

The circuit court erred in awarding attorney's fees to respondents pursuant to sections 536.085 and 536.087 RSMo. (1989) because the legal services were not rendered in connection with an agency proceeding in which the state was represented by counsel or a civil action arising therefrom, in which respondents prevailed, and therefore attorney's fees are not authorized by sections 536.085 and 536.087 RSMo. (1989).

Section 536.087.1 RSMo 1994[1] authorizes an attorney's fee for "[a] party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state." "Agency proceeding" is defined in section 536.085(1) as "an adversary proceeding in a contested case pursuant to this chapter in which the state is represented by counsel."

The relevant facts are as follows. In August 1995, the DCSE assisted Rosalie Pruitt ("Rosalie")[2] in a proceeding for enforcement of support pursuant to Chapter 454. Rosalie is the mother of Shelly Grimes ("Shelly"). When the proceeding began, Rosalie had custody of three of Shelly's children: Jesse Henk ("Jesse"), Justina Henk ("Justina"), and Richard Grimes, Jr. ("Richard Jr."). In a subsequent proceeding, the court determined that Rosalie was aware Shelly was, at all relevant times, also the mother of two additional children. The case was assigned "IV–D Case Number: C1–03062940–F." On August 16, 1995 after a "full and fair hearing" the hearing officer entered an administrative order that declared Shelly obligated to support the named three children in the amount of $583 a month. The order was certified to the circuit court of St. Francois County and assigned "Court Order Number: *A95–139*." Richard Grimes, Sr. ("Richard Sr.") was not a party to the proceeding.

On October 16, 1996 the DCSE and Richard Jr., by his next friend, filed a proceeding under the Uniform Parentage Act ("UPA"), section 210.817 et seq. RSMo 1994 against Richard Sr. and Shelly. Petitioners attached an Acknowledgement of Paternity of Richard Sr. Subsequently, the petitioners dismissed the petition against Shelly. Richard Sr. and Shelly appeared at the hearing. The decree of paternity, judgment and order

erroneously stated that they did not appear. The court decreed that Richard Sr. was the natural father of Richard Jr. and ordered him to repay the state of Missouri $7211, payable $50 per month, for monies provided by the agency to Rosalie in the form of Aid to Families of Dependent Children ("AFDC").

On October 7, 1997 Richard Sr. and Shelly filed two motions. Both motions were filed in the circuit court, "Cause No. CV596–977DR." The first motion was to set aside the default judgment in the paternity suit, which resulted in a judgment against Richard Sr. It also sought leave to file an answer in that suit because Richard Sr. was present at the hearing, and the petitioners were informed that social security disability payments were paid on behalf of Richard Jr. but were not disclosed and not credited against any child support arrearage. The motion also alleged that the administrative order in the IV–D case filed in St. Francois County as A95–139, pursuant to section 454.490, was the product of mistake and fraud. The order omitted the fact that Shelly was the mother of five dependent children, two in addition to the three children who were the subject of the administrative proceeding. Thus, the Form 14 used in the administrative hearing referred to only three children. However, both Rosalie and an employee of the DCSE knew there were five children. They did not disclose the existence of the additional children at the administrative hearing. Shelly prayed for a modification of the administrative order.

On October 7, 1997 Richard Sr. and Shelly also filed a motion to modify child support and child custody. The motion contained four separate counts. We consider only the allegations relevant to the present appeal of the award of attorney's fees in the Chapter 454 proceeding and the circuit court proceeding arising therefrom.

1. RSMo 1994 was in effect and applicable at the time of the trial court's award of attorney's fees. We note that the parties have relied on RSMo 1989, which does not present a conflict since they are substantially similar.

2. We refer to the parties by first name only, where applicable. We do this for readability only, and no disrespect to the parties is intended.

Richard Sr. and Shelly alleged they are the natural parents of Richard Jr., Amber Grimes ("Amber"), and Christopher Grimes ("Christopher"). Shelly is also the mother of Jesse and Justina. Rosalie removed three children—Richard Jr., Jesse, and Justina—from the Grimes' home in Oklahoma while a court proceeding involving the children was pending. She did not inform Richard Sr. and Shelly where she had taken the children. The first notice of her custody in Missouri was a letter received from the DCSE, mailed in August 1995. During the effective period of orders, in the administrative proceeding for Shelly and the UPA case for Richard Sr., Rosalie was regularly receiving child support payments from Social Security because Richard Sr. was disabled.

With respect to the administrative hearing, the parties alleged that Rosalie was a party to the IV–D proceeding as a petitioner, but did not disclose to the DCSE the existence of Amber and Christopher. Accordingly, the child support ordered for three children, based upon the use of a Form 14 calculation, overstated the amount of child support owed by Shelly.

On February 6, 1998 Richard Sr. and Shelly appeared with counsel, and the state appeared by counsel for a hearing on the motions. Counsel for the state *agreed* to an adjustment of the child support retroactive to January 1, 1998 in accord with a Form 14 reflecting five children. The memorandum prepared and signed by counsel, and subsequently ordered by the court, contained the following, inter alia:

2. With respect to IV–D Case No. C1–03062940–F filed herein as Court Order A95–139 *and a part of this case,* the Court finds that this order was erroneously entered as a result of mistake by not including in the calculations on Form 14 the two minor children then and now in the custody of Respondents [Richard Sr. and Shelly]. The court finds that the custodian of Richard Grimes, Jr.; Justina Henk; and Jesse Henk, Mrs. Rosalie Pruitt, knew at all times of the existence of the two other children, namely Amber Grimes and Christopher Grimes, but did not inform the Missouri Division of Child Support Enforcement of these other children.

3. Accordingly and *by agreement* of the parties, the current child support obligation for the minor children Justina Henk and Jesse Henk from Respondent Shelly Grimes is amended to $195 per month, effective January 1, 1998, and the Division of Child Support Enforcement is ordered to amend its own records accordingly.

4. The issue of arrearage which may be owed by Respondent Shelly Grimes under the previous order of Child Support Enforcement is expressly reserved for determination at a later date to be agreed upon by the parties. (Our emphasis added.)

On April 14, 1998 the court denied any additional relief. On May 14, 1998 Richard Sr. and Shelly moved for attorney's fees pursuant to sections 536.085 and 536.087. On September 16, 1998 the court entered findings, conclusions and a judgment awarding the attorney's fee. The court found that: (1) both Richard Sr. and Shelly were present when the UPA case was set for hearing; (2) the DCSE failed to inform the court that the "default" hearing did not include a credit for social security disability support payments; (3) the modification of the original administrative order, A95–139, against Shelly was based upon an error of the DCSE failing to recognize and consider two other children of Richard Sr. and Shelly; (4) the notations in the DCSE's log prior to the administrative hearing "show the Division was aware of the other two children in the Respondents' household"; and, (5) the court had approved a stipulation of the parties which set aside a default judgment in the paternity suit "and adjusted Respondent Shelly Grimes' current support from $583.00 a month to $195.00 a month." The court also found that the administrative order was the result of a mistake because it made no adjustment for the two other children in Richard Sr. and Shelly's custody. The court concluded the agency

**810**

proceeding was a contested case, and Richard Sr. and Shelly had prevailed in the civil proceeding on some substantive issues. It further concluded the DCSE did not act in good faith in maintaining some positions taken, "in direct contravention to section 454.432 RSMo." It found the amount requested for fees was reasonable and entered one judgment in favor of both Richard Sr. and Shelly. The DCSE appeals only the award of attorney's fees.

■ The judgment in favor of Richard Sr. is reversed. Section 536.087 authorizes attorney's fees in a contested administrative proceeding "or civil action arising therefrom, brought by or against the state." Richard Sr. was never a party to the administrative proceeding nor was he made a party when the administrative order was filed in the circuit court of St. Francois County. Accordingly, he was not a party to the civil action arising from the agency proceeding. The statute does not authorize attorney's fees for a non-party.

The judgment in favor of Shelly is affirmed. The DCSE does not contest the findings of the trial court with respect to the deficiencies in the agency proceeding. The motions filed in the circuit court file, which followed the agency proceeding, are civil actions arising from the agency proceeding. Throughout the civil action, the agency was represented by counsel, and Shelly prevailed on several grounds by consent of the DCSE's counsel and by the judgment amending and correcting the administrative order. The court set aside the original child support order because it was based upon either misrepresentation or fraud and entered a child support order in an action arising from the agency proceeding consistent with evidence of Shelly's earnings and her support of five children instead of three.

■ Section 536.087 authorizes an award of attorney's fees even if the party does not prevail on all issues. *White v. Missouri Veterinary Medical Bd.*, 906 S.W.2d 753, 755 (Mo.App. W.D.1995). The intent of the statute is "to require agencies to carefully scrutinize agency and court proceedings and to increase accountability of the administrative agencies." *Hernandez v. State Bd. of Registration for Healing Arts*, 936 S.W.2d 894, 901–02 (Mo.App. W.D.1997) *quoting White*, 906 S.W.2d at 755. The DCSE, by counsel, in open court, participated in the civil action that arose from the agency proceeding and resulted in a correction or modification of the agency decision. The statute authorized an award of attorney's fees in favor of Shelly, who was a party to the agency proceeding and the civil action arising therefrom, as a matter of law. The court did not err in awarding the judgment in favor of Shelly.

We affirm the award of attorney's fees to Shelly. We reverse the award of attorney's fees in favor of Richard Sr. and deny his motion for fees on appeal. We remand Shelly's motions for attorney's fees on appeal for a ruling by the trial court. The motions to dismiss on procedural grounds are denied.

ROBERT G. DOWD, Jr., C.J. and RICHARD B. TEITELMAN, J. concur.