ROBERT G. DOWD, JR., Judge.
 

 Cynthia Jones (Mother) and the State of Missouri, Department of Social Services, Family Support Division (Division) appeal from the judgment of attorney’s fees in favor of Antonio Washington (Father) pursuant to Section 536.087, RSMo 2000.
 
 [1]
 
 Mother and the Division argue the trial court erred in awarding attorney fees to Father because (1) he did not qualify for a fee award under Section 536.087 and (2) the award of fees in excess of the statutory minimum absent a “special factor” finding violated Section 536.085. We affirm and remand in part.
 
 [2]
 

 Mother and Father were divorced on July 6, 1992. The trial court entered a judgment of dissolution of marriage. Pursuant to the judgment, Mother and Father were awarded joint legal custody and Mother was awarded primary physical custody of the two minor children of the marriage. Pursuant to the judgment, Father was ordered to pay child support to Mother in the amount of $420 per month for both children.
 

 In 1997, the Division initiated an administrative procedure to modify the dissolution judgment pursuant to Section 454.496.
 
 [3]
 
 In support of its motion for modification, the Division created a proposed Form 14 calculation, listing Father’s income at $3,096 per month and finding that Father’s presumed child support pursuant to Rule 88.01 was $771 per month. During a pre-hearing conference, the parties, represented by counsel, entered into an agreement whereby Father would pay to Mother the sum of $600 per month for child support. In the order of July 30, 1997, the hearing officer made a specific finding the child support guidelines were “unjust and inappropriate,” as the parties had reached a settlement agreement that met the financial needs of the children. The hearing officer then entered an order modifying the original court order of July 6, 1992 to reflect Father’s new child support payment of $600 per month. On October 17, 1997, an order and judgment approving administrative modification order entered pursuant to Section 454.496 was issued by the Circuit Court of the City of St. Louis.
 

 On March 14, 2002, the Division initiated the instant action pursuant to Section 454.496.1, again seeking modification of the judgment. The Division’s sole ground for modification was that application of the guidelines according to Rule 88.01 resulted in a 20 percent or more increase in the child support amount. Attached to the Motion was a Form 14 calculation listing Father’s monthly income as $4,033, with a presumed child support calculation of $808 per month.
 

 On February 5, 2003, the hearing officer held a telephone hearing. Father filed a motion to dismiss. Prior to testimony, Father presented his legal argument in support of his Motion to Dismiss. During the hearing, the hearing officer elicited testimony regarding the parties’ incomes and expenses included in the Form 14 calculation. When the hearing officer asked what had changed since the prior judgment, Mother stated that there were increased expenses because the children were teenagers.
 

 
 *335
 
 On March 17, 2003, the hearing officer issued an administrative order seeking to modify the prior judgment of the court increasing Father’s child support obligation from $600 per month to $879 per month effective September 1, 2002. In the order, the hearing officer found that the Division had not made a prima facie case for modification. Nevertheless, the hearing officer found “there has been a substantial and continuing change of circumstances” because the children “are older and their needs are more expensive, thus making the present terms of the order unreasonable.”
 

 Father filed a timely petition for review of the Division action in the Circuit Court of the City of St. Louis alleging the Division decision was not supported in law or in fact. The Division, by and through its counsel, filed a motion to approve the agency order as part of the same proceeding. The parties entered into a consent order setting forth a briefing schedule. Father filed a motion to dismiss motion to approve. The Division filed a motion to dismiss its motion to approve the administrative order as well as the underlying administrative motion to modify. The trial court granted the motion to dismiss. Subsequently, the trial court dismissed Father’s petition for review of the agency action as moot.
 

 Father filed a motion for attorney’s fees pursuant to Section 536.087. Father attached an affidavit of Father’s attorney stating his billing rate of $150 per hour and attached his billing statement setting out a billing rate of $150 per hour. The Division filed a motion in opposition claiming the trial court lacked jurisdiction to award the fees because it had filed its voluntary motion to dismiss, and the trial court had ordered all costs to be waived. The trial court entered its judgment in favor of Father, awarding him $3,265.00 in attorney’s fees.
 

 Thereafter, the Division filed a motion for rehearing, alleging the trial court committed reversible error because the original matter was not an “agency proceeding” as defined in Section 536.085. It further argued that Father was not a prevailing party and that he committed misconduct preventing him from obtaining such a fee award. The trial court entered its judgment overruling the Division’s motion for rehearing. This appeal follows.
 

 In its first point, Mother and the Division argue the trial court erred in awarding attorney’s fees to Father because he did not qualify for a fee award under Section 536.087. Specifically, Mother and the Division contend (a) the underlying administrative hearing was not an agency proceeding or civil action arising therefrom because the Division was not represented by an attorney, (b) Father was not a prevailing party, and (c) the position of the agency was substantially justified both in its original motion and in its subsequent motion to approve the agency order. We disagree.
 

 We will affirm a judgment for attorney’s fees pursuant to Section 536.087 unless the award, or the calculation of the amount of the award, was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, was made contrary to law, or was made in excess of the court’s jurisdiction.
 
 McMahan v. Mo. Dept. of Social Services, 980
 
 S.W.2d 120, 124 (Mo.App. E.D.1998). Review of the trial court’s determination of law is de novo.
 
 State ex. rel. Pulliam v. Reine,
 
 108 S.W.3d 148, 153 (Mo.App. W.D.2003). In reviewing the trial court’s judgment, we review the trial court and agency record and consider the evidence in the light most favorable to the judgment.
 
 Id.
 

 Section 536.087.1 authorizes a trial court to award a judgment for attorney’s fees for “[a] party who prevails in an agency pro
 
 *336
 
 ceeding or civil action arising therefrom, brought by or against the division.” “Agency proceeding” is defined as “an adversary proceeding in a contested case ... in which the state is represented by counsel.” Section 536.085(1). When an agency initiates an administrative action, and the agency subsequently appears by counsel in a circuit court proceeding to defend its action, it is an “agency proceeding” as defined under the statute.
 
 State, Div. of Child Support Enforcement v. Grimes,
 
 998 S.W.2d 807, 810 (Mo.App. E.D.1999).
 

 In its brief, the Division argues that the instant proceeding was not an agency proceeding under the statute because the agency was not represented by counsel in the original administrative proceeding. We find
 
 Grimes
 
 instructive on this point. In
 
 Grimes,
 
 the agency initiated an administrative action that resulted in an administrative hearing, and the agency prevailed at the administrative level.
 
 Id.
 
 at 808. The petitioner in
 
 Grimes
 
 subsequently filed a motion in the form of a petition for review seeking judicial review of the agency action.
 
 Id.
 
 Legal counsel appeared on behalf of the agency and represented the agency to the conclusion of the proceedings.
 
 Id.
 
 at 809. The court in
 
 Grimes
 
 determined that an “agency proceeding” included one that began as an administrative proceeding in which the agency was not represented by counsel if there was a subsequent circuit court proceeding that arose out of the agency proceeding where the agency was so represented.
 
 Id.
 
 at 810.
 

 In this case, as in
 
 Grimes,
 
 the Division initiated an administrative action that resulted in an administrative hearing, and the Division prevailed at the administrative level. As in
 
 Grimes,
 
 Father here subsequently filed a motion in the form of a petition for review seeking judicial review of the agency action. As in
 
 Grimes,
 
 the Division of Legal Services, and later the Attorney General appeared on behalf of the State and represented the Division to the conclusion of the proceedings.
 
 [4]
 
 Therefore, as in
 
 Grimes,
 
 in the case at bar, the civil proceeding arose out of the agency action and was thus an “agency proceeding” pursuant to Section 536.085(1).
 

 Next, the Division argues the dismissal of its motion to approve and the eventual dismissal of the petition for review as moot prevents Father from being a prevailing party under the statutory scheme. Under Section 536.085(3), a party “prevails” when it obtains “a favorable order, decision, judgment, or dismissal in a civil action or agency proceeding.” To “prevail,” however, is not limited to a favorable judgment following a trial on the merits; it may also include obtaining a settlement, obtaining a voluntary dismissal of a groundless complaint, or obtaining a favorable decision on a single issue if the issue is one of significance to the underlying case.
 
 Greenbriar Hills Country Club v. Dir. of Revenue,
 
 47 S.W.3d 346, 353 (Mo. banc 2001). The intent of the statute is' “to require agencies to carefully scrutinize agency and court proceedings and to increase accountability of the administrative agencies.”
 
 Id.
 
 The statutory definition of “prevails” includes a civil proceeding that arises out of a prior administrative proceeding that results in the correction or modification of the agency decision.
 
 Grimes,
 
 998 S.W.2d at 810.
 

 Here, Father was a prevailing party. The end result of the court proceedings was that Father’s child support obligations remained at $600 per month, and were not increased to $879 per month as the Division requested when it initiated
 
 *337
 
 the administrative proceeding. Therefore, Father obtained a favorable result under the definition of Section 536.085(3) and he is the prevailing party in this litigation.
 

 The Division also asserts that its position was substantially justified. Father argues the Division failed to preserve the issue of substantial justification under Section 536.087 for review. We agree with Father. The case here is analogous to that in
 
 McMahan v. Missouri Dept. of Social Services., Div. of Child Support Enforcement,
 
 980 S.W.2d 120, 126 (Mo.App. E.D.1998). The division in
 
 McMahan
 
 attempted to raise the issue for the first time on appeal that the matter did not qualify as an “agency proceeding” pursuant to Section 536.087.
 
 Id.
 
 at 126. In that case, the court permitted review of the issue of substantial justification because it was affirmatively asserted in the division’s answer to the fee application.
 
 Id
 
 at
 
 n.
 
 5. However, the court refused to decide the issue of whether the underlying matter was an “agency proceeding” as defined under the statute because the Division did not raise the issue at the trial court level, and thus failed to preserve the issue for appeal.
 
 Id
 
 at 126-127.
 

 Here, after Father filed his brief with the trial court pursuant to the briefing schedule, the Division failed to file a brief, and instead filed a voluntary dismissal. After the dismissal was granted, Father then filed a motion for attorney fees pursuant to Section 536.087. In response, the Division filed a motion in opposition claiming the trial court lacked jurisdiction to award the fees because it had filed its voluntary motion to dismiss, and the trial court had ordered all costs to be waived. It did not raise any other issue at this time including the issue of substantial justification, nor did it present any evidence to the trial court that its position was substantially justified.
 

 On January 21, 2004, the trial court entered its judgment awarding attorney’s fees. In that judgment, the trial court overruled the Division’s objection that, at the time the trial court entered its order, attorney’s fees was not before it and thus Father was prevented from requesting attorney’s fees. Thereafter, the Division filed a motion for rehearing, arguing the trial court committed reversible error because the original matter was not an “agency proceeding” as defined in Section 536.085(1). It further argued in its motion that Father was not a prevailing party and that Father committed misconduct that would prevent him from obtaining such a fee award. Nowhere in the motion did the Division raise the issue that its position was substantially justified.
 

 Since the Division presented no evidence and failed to raise the issue that its position was substantially justified pursuant to Section 536.087, it failed to meet its burden of proof.
 
 Greenbriar,
 
 47 S.W.3d at 354. Therefore, the Division failed to preserve this issue for appeal.
 
 McMahan,
 
 980 S.W.2d at 126. The trial court’s award of attorney’s fees is not contrary to law. Point denied.
 

 In its second point, the Division argues the trial court erred in awarding attorney’s fees of $150 per hour to Father because the trial court neither made a finding of a special factor nor had before it evidence supporting such a finding. We agree.
 

 Initially we address Father’s argument that the Division failed to properly preserve the issue as to the hourly rate being in excess of the statutory rate or the lack of a finding of a “special factor” pursuant to Section 536.085. Section 536.085(4) provides:
 

 “Reasonable fees and expenses” includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test
 
 *338
 
 or project which is found by the court or agency to be necessary for the preparation of the party’s case, and reasonable attorney or agent fees. The amount of fees awarded as reasonable fees and expenses shall be based upon prevailing market rates for the kind and quality of the services furnished, except that no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the state in the type of civil action or agency proceeding, and
 
 attorney fees shall not be awarded in excess of seventy-five dollars per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.
 

 [Emphasis added.]
 

 The Division does not bear the burden of proving the absence of a special factor; instead, the party requesting an award of attorney fees must present competent and substantial evidence to support the claim.
 
 Smith v. White,
 
 114 S.W.3d 407, 420 (Mo.App.W.D.2003)(ciimp
 
 Reding v. Reding,
 
 836 S.W.2d 37, 41 (Mo.App. S.D.1992)). In addition, the decision of a court or an agency on the application for reasonable fees and expenses shall be in writing, separate from the judgment or order of the court or the administrative decision that determined the prevailing party, and shall include written findings and conclusions and the reason or basis thereof.
 
 McMahan,
 
 980 S.W.2d at 124. The amount of fees awarded as reasonable fees and expenses shall be based upon prevailing market rates for the kind and quality of the services.
 
 Id
 
 at 127. Section 536.085(4) expressly allows fee awards in excess of $75 per hour when the court determines that a “special factor, such as the limited availability of qualified attorneys” justifies a higher fee.
 
 Id.
 
 The statute requires that the trial court make a finding of a “special factor.”
 
 Id.
 

 Here, Father was the party requesting an award of fees. In his affidavit, Father’s attorney stated his billing rate was $150.00 per hour, and the attached attorney fee statement detailed a total of 23.6 hours expended. Neither the motion for attorney fees, nor the affidavit by Father’s attorney, nor the attorney fee statement adduced or alleged a special factor warranting a fee in excess of the statutory maximum.
 

 The need for an express finding of a special factor was emphasized in
 
 McMahan. McMahan,
 
 980 S.W.2d at 127. There, the court held an award of attorney’s fees of $100.00 per hour did not comply with the statutory directive that such decisions be in writing and include written findings and conclusions and the reasons or basis thereof.
 
 Id.
 
 The
 
 McMahan
 
 reversed and remanded the trial court’s fee award, stating “[t]he trial court upon remand must address in its written findings and conclusions whether it deems that a ‘special factor’ exists which justifies a fee award in this case in excess of $75 per hour, and if so, why.”
 
 Id.
 

 Here, while the trial court made a written finding as to why it granted Father’s motion for attorney’s fees, it did not address whether a “special factor” existed, or why a fee award in excess of the statutory maximum was justified. Therefore, we remand this matter to the trial court to make a determination of whether there is a “special factor” that justifies an award at $150 per hour.
 

 The judgment of the trial court awarding attorney’s fees to Father is affirmed. The case, however, is remanded for the trial court.to make a determination as to the correct amount pursuant to Section 536.085.
 

 
 *339
 
 PATRICIA L. COHEN, P.J. and KATHIANNE KNAUP CRANE, J., concur.
 

 [1]
 

 . Unless otherwise indicated, all further statutory references are to RSMo 2000.
 

 [2]
 

 . Respondent’s motion for attorney fees for filing a frivolous appeal taken with the case is denied.
 

 [3]
 

 .On August 28, 2003, Missouri law changed to prohibit the Division from administratively modifying a prior judicial order. (Mo.H.613, 92nd Leg., 1st Sess (Mo.2003)(enacted)(hereinafter "House Bill 613”)).
 

 [4]
 

 . Unlike
 
 Grimes,
 
 however, the Attorney General here, appearing as attorney for the Division, subsequently filed a motion to approve the administrative order pursuant to Section 454.496 in the same proceeding,