Robert BROWN, Appellant,

v.

**MISSOURI DEPARTMENT OF
FAMILY SUPPORT,**
Respondent.

No. ED 92836.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 24, 2009.

Joseph A. Fenlon, Jr., Clayton, MO, for Appellant.

Chris Koster, Attorney General, Todd R. Gampp, Asst. Attorney General, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Robert Brown ("Father") appeals the denial of his application for attorney's fees and expenses in a proceeding brought under the provisions of Section 536.087, RSMo 2000,[1] against the Missouri Department of Social Services, Family Support Division ("the FSD"), after a hearing in which Father successfully contested the amount of past due child support. Father contends the agency erred (1) in denying his request for attorney's fees and expenses under Section 536.087 because Father prevailed in the agency proceeding, and (2) in holding the issue of substantial justification moot because the FSD waived the defense of substantial justification. We reverse and remand.

On October 27, 2000, the circuit court entered a general child support judgment retroactive to July 1, 2000 requiring Father to pay $313.00 per month to Dolores Chatman ("Mother") for the support of his two children. From July 1, 2000 until August of 2006, Mother and the two children resided with Father in Father's house, and were supported by Father. On March 7, 2001, Mother submitted a letter to the FSD requesting that the FSD stop the enforcement of her child support case due to the fact that she and the children were living with Father. The FSD closed Mother's case after receiving the March 7, 2001 letter.

In August of 2006, Mother moved out, but the two children remained with Father until March of 2007. In March of 2007, Father's son moved out to live with Mother, but the daughter continued to reside with Father. On March 7, 2007, Mother requested that her enforcement case with the FSD be re-opened. The FSD re-opened the case for support for the two children in the amount of $313.00 per month, and calculated the past due support from July 1, 2000 in the amount $22,849.00.

On April 4, 2007, the FSD issued an income withholding notice to Father informing him that as of that date he owed past-due support in the amount of $22,849.00. The notice informed Father that the income withholding order would collect the current support of $313.00 plus $156.50 toward the satisfaction of the arrearage amount.

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

On April 19, 2007, through his attorney, Father notified the FSD he was contesting the FSD's "determination of the amount of past due support" and requested a hearing. Father subsequently filed an addendum to his request for a hearing that in addition to Father contesting the determination of the amount of past support due, he asserted a "second mistake of fact in that [Father] is not obligated to provide the support described in the order because of abatement as a matter of law." On May 8, 2007, Mother sent FSD a letter advising that she and the children resided with Father from June of 1995 through July of 2006.

The administrative hearing took place on December 28, 2007. The hearing officer set forth the two issues to be determined at the hearing as whether the FSD had the statutory authority to enter an income withholding order, and whether the amounts ordered to be withheld were correct.[2] The hearing officer determined Father "owed no support from July 1, 2000 through February [of] 2007." The hearing officer found Father was to receive credit for any payments made from July 1, 2000 until March of 2007, the time frame Mother and the children resided with Father. Father was given credit in the amount of $4,069.00 for child support payments made. The hearing officer further determined that although one child continues to reside with Father and the support order indicated that the support is $156.50 per child per month, because the underlying child support order of the circuit court is a "general order," Father's child support obligation still remained at $313.00 per month. Thus, the hearing officer found Father owed $313.00 per month for the

general child support order beginning March of 2007. In conclusion, the hearing officer stated "the [FSD] presented competent and substantial evidence to establish that Respondent owed a child support arrearage and that the amounts directed to be withheld are correct. Therefore, the [FSD] is affirmed but must revise its determination in accordance with this Decision."

Thereafter, Father filed an application for attorney's fees and expenses pursuant to Section 536.087. Following a hearing on Father's request for attorney's fees and expenses, the hearing officer found Father was not the prevailing party. The hearing officer held that because Father was not the prevailing party under the statute, any discussion of the FSD position being substantially justified was moot.

Father subsequently filed a petition for judicial review with the circuit court. The circuit court affirmed the denial of Father's request for attorney's fees and expenses. This appeal follows.

■■ When reviewing an administrative action, we examine the agency's decision, not the circuit court's judgment. *Plumb v. Missouri Dept. of Social Services, Family Support Div.*, 246 S.W.3d 475, 478 (Mo.App. E.D.2007). Further, we must defer to the agency's findings of fact and consider the evidence in the light most favorable to its decision. *Id.* We may modify, reverse or reverse and remand the determination of fees and other expenses if we find that the award or failure to make an award of fees and other expenses, or the calculation of the amount of the award, was arbitrary and capricious, was unrea-

**2.** Pursuant to Section 454.505.3, the obligor may contest an income withholding order "on the grounds that such withholding or the amount withheld is improper due to a mistake of fact." A "mistake of fact" for purposes of Section 454.505 means an "error in the amount of the withholding or an error as to the identity of the obligor." Section 454.505.3.

sonable, was unsupported by competent and substantial evidence, or was made contrary to law or in excess of the agency's jurisdiction. Section 536.087.7.

■ In his first point, Father contends the agency erred in denying his request for attorney's fees and expenses under Section 536.087 because Father prevailed in the agency proceeding. Father maintains the amount he contested was found to be excessive by more than $18,000.00 and thus, he was the prevailing party.

■ Section 536.087 provides, in pertinent part:

1. A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.

2. In awarding reasonable fees and expenses under this section to a party who prevails in any action for judicial review of an agency proceeding, the court shall include in that award reasonable fees and expenses incurred during such agency proceeding unless the court finds that during such agency proceeding the position of the state was substantially justified, or that special circumstances make an award unjust.

"Prevail" is defined in Section 536.085(3) as "obtains a favorable order, decision, judgment or dismissal in an agency action or civil proceeding." "To 'prevail,' however, is not limited to [a] favorable judgment following a trial on the merits; it may also include obtaining a settlement, obtaining a voluntary dismissal of a groundless complaint, or obtaining a favorable decision on a single issue if the issue is one of significance to the underlying case." *Greenbriar Hills Country Club v. Director of Revenue*, 47 S.W.3d 346, 353 (Mo. banc 2001). The intent of Section 536.087 is "to require agencies to carefully scrutinize agency and court proceedings and to increase accountability of the administrative agencies." *Id.* The statutory definition of "prevails" includes a civil proceeding that arises out of a prior administrative proceeding that results in the correction or modification of the agency decision. *Washington v. Jones*, 154 S.W.3d 346, 350 (Mo.App. E.D. 2004).

Here, Father requested a hearing to contest the amount of past due child support he owed as asserted by the FSD in the income withholding order. After a full evidentiary hearing with sworn testimony, the hearing officer did find the children lived with Father until March of 2007.[3] The hearing officer found Father owed no support from July 1, 2000 through February of 2007 when the children resided with him and abated the arrears. Thus, Father was a prevailing party.

The FSD maintains Father was not a prevailing party because the two issues to be decided at the hearing—whether the income withholding order and the amount withheld were proper—were decided in favor of the FSD and the hearing officer specifically found "[t]he FSD presented competent and substantial evidence to establish that [Father] owed a child support arrearage and that the amounts directed to be withheld are correct." However, the end result of the proceedings was that

3. The dates testified to by Father at the underlying administrative hearing were different from the dates claimed by Mother in her May 8, 2007 letter. In that letter, Mother claimed the children resided with Father until July of 2006, while Father testified the children lived with him until March of 2007.

Father was given an abatement in excess of $18,000.00 as a result of the hearing he requested contesting the amount of past due child support. Therefore, Father obtained a favorable result on a significant issue and was a prevailing party.

The agency's decision finding Father was not the prevailing party was unsupported by competent and substantial evidence upon the whole record, and was arbitrary, capricious, and unreasonable. Father's first point is granted.

■ In his second point, Father asserts the agency erred "in holding the issue of substantial justification moot because [the FSD] waived the defense of substantial justification in that the burden of proof with respect to substantial justification is on [the FSD] and [the FSD] failed to offer any evidence on that defense."

Section 536.087 provides that a prevailing party is only entitled to attorney's fees and expenses if the agency's position was not substantially justified. Here, the agency found the issue of substantial justification moot because it found Father was not a prevailing party. Because the agency did not determine whether the FSD was substantially justified, we remand for a determination by the agency of whether the FSD was substantially justified. Father asserts the FSD waived the defense of substantial justification. However, after reading the transcript of the hearing, we find the FSD did not waive the defense of substantial justification. During the hearing, the FSD asserted it was substantially justified on numerous occasions and presented evidence concerning why and how it calculated the past due support amount.

The agency's decision denying Father's request for attorney's fees is reversed and the cause is remanded for a determination of whether the FSD was substantially justified. If the agency finds the FSD was not substantially justified, then it shall award reasonable attorney's fees and expenses to Father.

SHERRI B. SULLIVAN, P.J., and PATRICIA L. COHEN, J., concur.