GASCONADE COUNTY COUNSELING SERVICES, INC., Respondent,

v.

MISSOURI DEPARTMENT OF MENTAL HEALTH, Appellant.

No. ED 95457.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 20, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 23, 2012.

Application for Transfer Denied April 3, 2012.

court erred in authorizing an award that exceeded the statutory rate of $75 per hour prescribed by Mo.Rev.Stat. § 536.087. The Department's claim is without merit, and we affirm the judgment of the circuit court.

Gasconade is a "for-profit" entity that provides mental health services for the residents of Gasconade County. Gasconade must be "designated" as eligible by the Department to provide such services and to receive mental health board funding. In 2007, the Department revised its interpretation of the Community Mental Health Services Act such that "for profit" entities would not receive public funds for providing mental health services to indigents. In the underlying cause of action, Gasconade's owner and president, Diane Hartman, challenged the Department's new interpretation of the Act and prevailed. Pursuant to the Missouri Administrative Procedure Act ("MAPA"), as the prevailing party, Gasconade was entitled to reasonable fees and expenses from the Department.[1]

On 3 August 2010, the circuit court received testimony and evidence on the appropriate amount of fees from both Hartman and Gasconade's lead counsel in the underlying action against the Department, Larry Altman. Hartman detailed her attempts to locate an attorney willing to challenge the Department's interpretation of the Community Mental Health Act. She first spoke with attorney Dennis Barks who charged a rate of $125 per hour, but Barks declined to accept because he did not feel qualified to represent Gasconade. She next approached attorney Harvey Tettlebaum who charged $350 per hour, but also declined to accept the case. Hartman then sought to retain attorney Jessica Hoskins and Assistant Prosecutor Mary

Chris Koster, Atty. Gen., Daryl R. Hylton, Jefferson City, MO, for appellant.

Paul W. Lore, Lawrence J. Altman, Ladue, MO, for respondent.

KENNETH M. ROMINES, J.

**Facts and Procedural History**

This appeal concerns a dispute over the appropriate amount of attorney's fees to be awarded Respondent Gasconade County Counseling Services ("Gasconade") for an underlying cause of action between Gasconade and Appellant Missouri Department of Mental Health ("Department"). The Department asserts that the trial

---

1. Mo.Rev.Stat. § 536.087(2) (2006).

Weston; Hoskins declined because she did not feel as though she could handle the case, and Weston declined because of a potential conflict of interest. Finally, Hartman approached Altman. Altman and his colleague, Paul Lore, agreed to represent Gasconade at rates of $250 and $200 per hour.

Altman testified that due to the complexity of the case, Hartman would have been unable to locate an attorney to take the case at the statutory rate of $75 per hour. Attorney Altman testified that he had the specialized knowledge and experience necessary to represent Gasconade in the case. He testified that he and Lore performed 166 hours of work.

On 4 August 2010, the circuit court issued its judgment finding that Gasconade was entitled to recover attorney fees in the amount of $37,689 and costs in the amount of $240.68. Aggrieved, the Department now appeals.

## Standard of Review

We may modify, reverse, or reverse and remand a trial court's determination of attorney's fees under section 536.087 if the award, or the calculation of the amount of the award, was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, was made contrary to law, or was made in excess of the court's jurisdiction. § 536.087.7; *Hutchings ex rel. Hutchings v. Roling*, 193 S.W.3d 334, 346 (Mo.App. E.D.2006). Our determination must be made solely on the record before the trial court. § 536.087.7; *Hutchings*, 193 S.W.3d at 346. We view the evidence in the light most favorable to the judgment. *Id.* We give *de novo* review to questions of law. *Id.*

## Discussion

Gasconade prevailed against the Department in an action pursuant to § 536.050.1 and is therefore entitled under § 536.050.3 to be awarded reasonable fees and expenses as defined in § 536.085. In the definition of reasonable fees and expenses, the statute provides that "attorney fees shall not be awarded in excess of seventy-five dollars per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." § 536.085(4). The sole issue on appeal is whether the circuit court erred in finding a special factor which justified a fee award in excess of the statutory rate of $75 per hour. We find no error.

The trial court specifically found that the special factor of limited availability of qualified attorneys for the proceedings existed. This is supported in the record. First, testimony at the hearing showed that prior to hiring Altman and Lore, Hartman attempted to retain four attorneys in the St. Louis area. Two attorneys declined because they did not feel competent to handle the case, Tettlebaum's rate of $350 per hour significantly exceeded the statutory rate, and another prosecutor declined because of a conflict of interest. Second, as the circuit court stated, "[t]he services performed in this case were highly specialized"—it was a challenge to an administrative agency's statutory interpretation that had significant implications for similarly situated entities across the state. Third, no evidence presented showed that an attorney would be willing to take this type of case for $75 per hour.

Hartman put forth significant effort to retain an attorney that would challenge the Department's interpretation of the Community Mental Health Act. Because of specialized nature of the action merely hir-

ing a qualified attorney proved difficult, much less finding one that would work for the statutory rate. As such, the circuit court was justified in awarding attorneys fees in excess of the statutory rate.

The ruling is affirmed.

KATHIANNE KNAUP CRANE, P.J. and LAWRENCE E. MOONEY, J., concur.