

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| MEAGAN GARLAND, | ) | No. ED99773 |
| | ) | |
| Petitioner/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | |
| | ) | Honorable John P. Banas |
| DIRECTOR, FAMILY SUPPORT | ) | |
| DIVISION, MISSOURI DEPARTMENT | ) | |
| OF SOCIAL SERVICES AND JEFFREY | ) | |
| RUHL, | ) | |
| | ) | |
| Respondents. | ) | Filed: April 15, 2014 |

INTRODUCTION

Meagan Garland ("Mother") appeals from the judgment of the trial court denying her claim for attorney's fees against the Missouri Department of Social Services' Family Support Division ("FSD"). Mother contends the trial court erred by denying her claim for attorney's fees because, as the prevailing party within the meaning of section 536.087, RSMo. (2000), she was entitled to such fees. We agree that the trial court erred in concluding Mother was not a prevailing party within the meaning of section 536.087. We reverse and remand to the trial court for further findings regarding whether FSD's Decision was substantially justified, and ultimately whether Mother should be awarded attorney's fees.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2010, Mother filed an application for child support with FSD seeking financial support from Jefferey Ruhl ("Father") in caring for their minor child, born December 4, 2007. Thereafter, Mother and Father provided financial statements to FSD, and on October 20, 2010, FSD issued its Notice of Findings of Financial Responsibility ("Findings") concluding Father should pay $558 per month in child support to Mother and enroll the minor child in his health insurance plan.

Father requested an administrative hearing to contest these Findings, and FSD held a hearing on July 15, 2011. Prior to the start of the hearing, Father offered to pay $500 per month for the support of the parties' minor child. Mother refused the offer. FSD then held the hearing and considered additional evidence regarding Father's personal finances. Thereafter, on September 6, 2011, FSD issued its Decision and Order ("Decision") reducing Father's monthly support obligation from $558 to $357, but reaffirming his responsibility to provide health insurance for the minor child.

Mother appealed FSD's Decision by filing a petition for judicial review in the Circuit Court of St. Charles County, pursuant to section 536.100, RSMo. (Cum. Supp. 2006).[1] Mother challenged, among other things, the amount of child support the Decision ordered Father to pay, as well as his obligation to provide health insurance for the minor child. She claimed she "has access to better and more affordable health coverage." In response to Mother's petition, FSD entered its appearance, filed an answer, and moved to dismiss the appeal and strike Mother's request for attorney's fees and costs.[2]

---

[1] Mother's petition was later amended to include Father as a respondent.
[2] FSD's initial Motion to Dismiss alleged Mother's petition for attorney's fees should be dismissed, inter alia, based on sovereign immunity and because FSD's Decision was "substantially justified."

Before the trial court scheduled a hearing, however, Mother and Father agreed on terms of settlement. They submitted to the trial court a signed consent agreement stipulating that FSD's administrative order "is abandoned," and that Father would pay "*$500 per month*" in child support and provide health insurance coverage for the minor child "*if Mother's current health insurance policy . . . becomes unavailable,*" (emphasis added). The court signed and entered a consent judgment on February 27, 2012, reciting the specific terms to which the parties agreed.

Mother then timely filed a motion for attorney's fees against FSD. In her motion, Mother claimed she was the prevailing party within the meaning of section 536.087, and thus entitled to attorney's fees. FSD filed an amended answer and motion to dismiss, arguing Mother entered into a pre-trial consent judgment with Father and was therefore not entitled to attorney's fees under section 536.087. FSD's motion was taken under submission and on May 9, 2012, the court entered an order denying the motion. Thereafter, the trial court scheduled the matter for an evidentiary hearing on March 1, 2013. After the hearing, the court denied Mother's request for attorney's fees, concluding Mother was not a prevailing party within the meaning of section 536.087, because the court had not granted Mother's petition for judicial review before it entered a consent judgment "based on the parents' stipulation and not on a review of the administrative record," and the consent judgment stipulated that the FSD administrative order "was abandoned."[3] Mother appeals.

---

[3] Although the trial court's order and findings of fact were entered as "sustaining FSD's amended motion to dismiss," the judge had already denied the motion to dismiss and set the case for "trial." The judgment Mother appeals from was entered following a hearing and the submission of evidence, and the court orally confirmed at the conclusion of the hearing that his order was a judgment based on the evidence submitted, not a dismissal based on FSD's motion.

## STANDARD OF REVIEW

We will affirm the trial court's judgment regarding attorney's fees under section 536.087 absent a finding that the award was arbitrary and capricious, unreasonable, unsupported by competent and substantial evidence, made contrary to law, or was made in excess of the court's jurisdiction. § 536.087.7; Gasconade Cnty. Counseling Servs., Inc. v. Mo. Dept. of Mental Health, 360 S.W.3d 831, 833 (Mo. App. E.D. 2011). "Our determination must be made solely on the record before the trial court." Gasconade, 360 S.W.3d at 833. "We view the evidence in the light most favorable to the judgment." Id. However, the definition of a prevailing party within the meaning of section 536.087 is a matter of statutory interpretation, a question of law that this Court reviews de novo. Id.; see also Lumetta v. Sheriff of St. Charles Co., 413 S.W.3d 718, 720 (Mo. App. E.D. 2013) ("The interpretation of a statute is a pure question of law, and therefore we give the circuit court's interpretation no deference.") (quoting State v. Rodgers, 396 S.W.3d 398, 400 (Mo. App. W.D. 2013)).

## DISCUSSION

In her sole point, Mother argues the trial court erred as a matter of law by denying her claim for attorney's fees. Specifically, she contends the court misapplied the law by concluding that she was not a prevailing party within the meaning of section 536.087, and therefore not entitled to attorney's fees under this statute.

Section 536.087.1 provides:

A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.

4

The issue now before us is whether Mother is a prevailing party within the meaning of section 536.087 of the Missouri Administrative Procedure Act.[4] A prevailing party within the meaning of section 536.087 is defined by section 536.085.3, RSMo. (2000), as one who "obtains a favorable order, decision, judgment or dismissal in a civil action or agency proceeding." In Greenbriar Hills Country Club v. Dir. of Revenue, 47 S.W.3d 346, 353 (Mo. banc 2001), the Missouri Supreme Court held that the term "prevail," as used in section 536.087, "is not limited to a favorable judgment following a trial on the merits; it may also include obtaining a settlement, obtaining a voluntary dismissal of a groundless complaint, or obtaining a favorable decision on a single issue if the issue is one of significance to the underlying case." Thus, the definition of "prevail" includes any result from a civil proceeding that arises out of a prior administrative proceeding, if the result corrects or modifies the prior administrative proceeding. Brown v. Mo. Dept. of Family Support, 297 S.W.3d 668, 671 (Mo. App. E.D. 2009) (citing Washington v. Jones, 154 S.W. 3d 346, 350 (Mo. App. E.D. 2004)).

FSD argues Mother's agreement to the circuit court's "superseding order" rendered the issue of attorney's fees moot. Specifically, because Mother accepted Father's settlement proposal and "abandoned" FSD's Decision, she opted not to litigate her appeal on the merits. Thus, the court did not rule on FSD's Decision and absent such a ruling, an award of attorney's fees as the "prevailing" party cannot follow. We disagree.

We determine whether Mother prevailed under section 536.087 based on the end result of the litigation. See Brown, 297 S.W.3d at 671-672 (identifying prevailing party based on the "end result of the proceedings."); Washington, 154 S.W.3d at 350-51 (focusing on the "end result of the court proceedings" to identify the prevailing party).

---

[4] The Administrative Procedure and Review Act, Chapter 536, RSMo. (2000).

When a plaintiff has succeeded in achieving at least some of the benefit sought on a significant issue of the litigation, the party prevails within the meaning of section 536.087. See White v. Mo. Veterinary Medical Bd., 906 S.W.2d 753, 755-756 (Mo. App. W.D. 1995) (applying these principles to the Missouri Administrative Procedure Act and section 536.087); see also Melahn v. Otto, 836 S.W.2d 525, 528 (Mo. App. W.D. 1992) (recognizing "achievement of the 'sought for result'" as an important factor).

Here, the facts show that Mother timely appealed FSD's Decision ordering Father to pay child support totaling $357 per month and to enroll the minor child in his health insurance plan. While her appeal was pending, Mother and Father agreed to settlement terms that increased Father's monthly child support obligation from $357 to $500 and conformed with Mother's request on appeal to modify his duty to provide health insurance coverage. Mother's appeal to the circuit court was necessitated by FSD's prior Decision that awarded her a lower amount of child support than that which she ultimately received and ordered Father to provide health insurance for the child despite Mother allegedly having, as she claimed, "access to better and more affordable health coverage." The end result of Mother's appeal was that the court approved a settlement and entered a judgment in which she achieved at least some of the benefit that she sought on two significant issues: child support and health insurance coverage for the minor child.[5] Thus, she was a prevailing party within the meaning of section 536.087.

The dissent argues that efficient justice requires that we find Mother was not the prevailing party, because to rule otherwise would result in FSD "preventing" future

---

[5] FSD further argues that because it did not sign or participate in the settlement, Mother cannot be a prevailing party. We find no support in section 536.087 or Missouri case law for such a proposition. As previously stated, the key issue is whether or not Mother was a "prevailing party" within the meaning of the statute, not whether FSD signed the settlement agreement.

settlements to avoid an award of attorney's fees. The dissent does not explain how FSD would be able to "prevent" parents from agreeing to proposed settlement terms. Nevertheless, here, we do not reach the ultimate issue of whether attorney's fees should be awarded. Mother requests and we agree that remand is proper so that the trial court has an opportunity to determine whether FSD's Decision was substantially justified. Section 536.087 requires the trial court to determine whether there was a reasonable basis for FSD's Decision before it may award attorney's fees. Hutchings ex rel. Hutchings v. Roling, 193 S.W.3d 334, 349 (Mo. App. E.D. 2006) ("[T]he trial court must consider the question of substantial justification on the record made in the agency proceeding."). On remand, FSD may still argue that its actions were "substantially justified."

CONCLUSION

We find Mother to be a prevailing party within the meaning of section 536.087 and on this ground reverse the trial court's decision denying Mother attorney's fees. We reverse and remand to the trial court for a determination on the remaining issue of whether FSD's Decision was substantially justified.

_____
Lisa S. Van Amburg, Presiding Judge

Patricia L. Cohen, Judge, concur.
Gary M. Gaertner, Jr., Judge, dissents in separate opinion.

7



# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | |
|---|---|
| MEAGAN GARLAND, | ) ED99773 |
| | ) |
| Petitioner/Appellant, | ) Appeal from the Circuit Court |
| | ) of St. Charles County |
| vs. | ) |
| | ) |
| DIRECTOR, FAMILY SUPPORT | ) Honorable John P. Banas |
| DIVISION, MISSOURI DEPARTMENT | ) |
| OF SOCIAL SERVICES AND JEFFERY | ) |
| RUHL, | ) |
| | ) |
| Respondents. | ) Filed: April 15, 2014 |

### Dissent

### Introduction

I respectfully dissent. I believe that Mother did not prevail over FSD because: (1) FSD did not participate in the settlement; and (2) a close examination of FSD's Decision versus the end result does not demonstrate a clear-cut benefit to Mother. Accordingly, I would affirm.

### Facts

A brief timeline of the procedure in this case is as follows.

September 4, 2010: Mother requested establishment services from FSD for child support.

September 30, 2010: FSD issued Findings that Father should pay $558 per month in child support and enroll the minor child on his health insurance plan.

July 15, 2011: Father made Mother a settlement offer of $500 per month in child support, but Mother refused the offer.

September 6, 2011: After an administrative hearing, FSD issued its Decision ordering Father to pay $357 in child support and provide health insurance for the minor child.

October 3, 2011: Mother filed a Petition for Judicial Review (PJR) of FSD's Decision.

Prior to the PJR Hearing, Mother and Father entered into a settlement agreeing that Father would pay $500 per month in child support, and that Mother would cover the child on her health insurance plan.

February 27, 2012: The trial court entered the consent judgment pursuant to the settlement signed by Mother and Father. Mother and Father stipulated the attached Form 14 calculating a child support amount of $704 was correct but unjust and inappropriate.

Discussion

The majority opinion relies on Brown v. Department of Family Services, 297 S.W 3d 668 (Mo. App. E.D. 2009) and Washington v. Jones, 154 S.W.3d 346 (Mo. App. E.D. 2004) to find that "the definition of 'prevail' includes any result from a civil proceeding that arises out of a prior administrative proceeding, if the result corrects or modifies the prior administrative proceeding." I believe this conclusion goes too far. There are key differences between the case at bar and both Brown and Washington.

2

In Brown, the non-custodial parent challenged FSD's calculated arrearage amount of $22,000, and successfully reduced the arrearage amount by $18,000 after an FSD administrative hearing. 297 S.W.3d at 671. This Court held that this reduction in arrearage was a favorable judgment in an agency action and thus the non-custodial parent was the prevailing party under Section 536.087. Id. at 671-72. In Washington, the non-custodial parent filed a petition for judicial review after an FSD administrative hearing and FSD voluntarily dismissed the administrative order. 154 S.W.3d at 349. This Court held that favorable judgments can include voluntary dismissals and thus the non-custodial parent was the prevailing party. Id. at 350. In both Brown and Washington, this Court looked at the end result in conjunction with how the parties arrived there: in Brown, the prevailing party received a favorable judgment after an FSD administrative hearing, and in Washington, the prevailing party benefited from FSD's voluntary dismissal after an FSD administrative hearing and before judicial review, by which FSD essentially admitted error. FSD was a participant in both proceedings.

Under the majority opinion's analysis in the case at bar, however, courts need look only at the end result, and if the end result corrects or modifies the prior administrative proceeding, then any party benefiting from the change has prevailed within the meaning of Section 536.087, regardless of how the modification occurred or whether FSD participated. Specifically here, the majority holds that Mother prevailed over FSD after she and Father reached a settlement between the two of them without participation from FSD. Mother and Father agreed: (1) to a child support amount different than the $357 ordered in FSD's Decision after the administrative hearing; and (2) that Mother, rather than Father, would cover the minor child on her health insurance,

3

again, contrary to FSD's Decision. I agree with the majority opinion that a party can be a prevailing party after a settlement. See id.; see also Greenbriar Hills Country Club v. Dir. of Revenue, 47 S.W.3d 346, 353 (Mo. banc 2001). However, it is only logical that for a party to prevail over another as a result of a settlement agreement, all parties must have actually participated in the settlement. Such is not the case here. Thus, I do not agree that Mother can be a prevailing party under these facts.

Further, FSD is tasked with providing a free service to parents by assisting them in establishing or modifying child support orders. See Section 454.400.2(14). During oral arguments, FSD stated that its interest is to allow parents to engage in unimpeded settlements, with the goal that parents will arrive at a mutually satisfactory child support amount without engaging in further litigation. Unlike FSD, which is tasked under Section 454.400.2(14), RSMo (2000) with establishing child support and health insurance coverage and is constrained by the bounds of the Form 14 and Supreme Court Rule 88.01, parents can agree as a practicality to any child support amount they wish, regardless of the Form 14, and can agree either party will provide health insurance. During oral arguments, FSD recognized that parents will frequently agree to an amount different than what was ordered by FSD and the Form 14. FSD handles an enormous volume of cases, and allowing parties to settle on their own contributes to FSD's ability to provide this service efficiently and effectively.

Moreover, I do not believe the legislature intended to expose FSD to attorney fees under this wide a range of circumstances. Rather, Section 536.087 was intended to require agencies to carefully scrutinize their proceedings, to increase their accountability, and "to relieve the financial burden a private party would face in challenging abusive or

4

unreasonable government actions." Sanders v. Hatcher, 341 S.W.3d 762, 766 (Mo. App. W.D. 2011) (citation omitted).

Under the majority opinion, it is no longer in FSD's interest to grant parents the unfettered ability to settle on their own for an amount other than what was ordered by FSD after an administrative proceeding, for fear of incurring attorney fees, which could be substantial. This is because under the majority opinion, any parent who achieves a settlement amount from the other parent for an amount even incrementally more favorable than the FSD order has "prevailed" over FSD. These "prevailing" parties can now seek attorney fees from FSD—regardless of whether FSD participated in the settlement and regardless of how careful and accountable FSD was —thus requiring FSD to defend itself in a subsequent hearing to determine whether the order was substantially justified. To avoid the substantial-justification hearing and potential attorney fees, FSD now has an incentive to involve itself in any settlement between the mother and father, which is for an amount different from the FSD order; this is contrary to the interest of efficient justice and parental control.

Further, by looking only at the end result, either or both parents can be a prevailing party against FSD and sue for attorney fees. For example, under the facts here, both Mother and Father could be a prevailing party. In her settlement with Father, Mother achieved a higher child support award, and in his settlement with Mother, Father eliminated the prior requirement that he carry health insurance on the minor child: both favorable results for each parent. Can both parties seek attorney fees?

As for whether the end result here provided a clear-cut benefit to Mother, such as to establish her as the prevailing party, I am not convinced upon close examination of the

5

numbers. After an administrative hearing, FSD determined the proper child support amount was $357 and ordered Father to carry health insurance for the minor child. Mother then sought an increase of child support to $704 per month and to carry the health insurance herself. Before the trial court could review the administrative Decision, Mother and Father reached an independent settlement, agreeing that Father would pay $500 per month for child support and that Mother would carry health insurance for the minor child. On its face, this appears to be a benefit to Mother of $143 per month, which is a substantial amount. However, looking at the transcript of the administrative hearing, Mother testified she paid approximately $100 per month for health insurance for the minor child; thus, the practical benefit to Mother was $43 per month. While, $43 is an increase, it hardly seems on the scale of the cases cited by the majority opinion. The benefit to the prevailing party in Brown was $18,000, and the benefit to the prevailing party in Washington was a complete dismissal of its administrative order increasing child support. In the narrow context of FSD only, at what point does a party prevail for purposes of Section 536.087: $43? $1?

For the foregoing reasons, I respectfully dissent.

Gary M. Gaertner, Jr., Judge

6