Dennis SEIDNER, Appointing Authority, Missouri Department of Social Services, Division of Youth Services, Appellant,

v.

Gary WEBSTER, Respondent.

No. WD 65375.

Missouri Court of Appeals, Western District.

Sept. 19, 2006.

the respondent, Gary Webster, attorney's fees and expenses in the total amount of $23,108.68, after ordering his reinstatement to his previous position with the DYS. The respondent had been demoted by the DYS for inappropriate sexual comments.

The DYS raises one point on appeal. It claims that the PAB erred in awarding the respondent, pursuant to § 536.087.1, attorney's fees and expenses in the total amount of $23,108.68, because: (1) in making its requisite statutory finding in support of its award, that the DYS' demotion of the respondent was not substantially justified, the PAB erroneously declared and applied the law, § 536.087.1, by presuming that the DYS' position in demoting the appellant was not "substantially justified" since it did not prevail on the merits in the underlying action; and (2) the PAB's requisite statutory finding in support of its award, that the DYS' demotion of the respondent was not substantially justified, was not supported by the record.

We reverse and remand.

Jeremiah W. (Jay) Nixon, Atty. Gen., Sarah E. Ledgerwood, Assistant Attorney General, Jefferson City, MO, for appellant.

Robert V. Krueger, Mexico, MO, for respondent.

Before SMITH, C.J., and BRECKENRIDGE and SPINDEN, JJ.

EDWIN H. SMITH, Chief Judge.

Dennis Seidner, the appointing authority for the Division of Youth Services (DYS) of the Missouri Department of Social Services (DSS), appeals the judgment of the Circuit Court of Cole County affirming the decision of the Personnel Advisory Board (PAB), awarding, pursuant to § 536.087.1,[1]

## Facts

The respondent had worked in various capacities for the DYS since August of 1985. In October of 2000, he was promoted to Youth Facility Manager I at the Northeast Community Treatment Center (NCTC) in Mexico, Missouri.

On July 10, 2002, a female employee went to the NCTC office to obtain an insurance form to change coverage. While there, she asked the respondent if he would help her find the correct form. The respondent responded, "If you weren't laying on your back having a child, you wouldn't have nothing to bitch about." The employee immediately filed a sexual

---

1. All statutory references are to RSMo, 2000, unless otherwise indicated.

harassment complaint against the respondent.

Upon the filing of the complaint, the DSS' Office for Civil Rights (OCR) opened an investigation of the respondent. OCR Investigator, Mary Rose McKim, conducted the investigation and substantiated the complaint. During her investigation, McKim determined that in his previous position, group leader of a DYS day treatment facility for juveniles, between March 30, 1998, and October 10, 2000, the respondent made inappropriate comments regarding female juveniles. Specifically, the respondent told one resident that she had "a nice chest for such a young girl" and another that she would "make a really good table dancer when she [got] older." The investigation also revealed that the respondent had made numerous general comments regarding the female juveniles' sexuality and breast size. On August 27, 2002, while the investigation was ongoing, the respondent and other DYS staff members were required to attend a civil rights training seminar. The respondent arrived late to the seminar and made numerous jokes about the subject matter of the seminar. The investigation also disclosed that on June 11, 2002, the respondent, in the presence of his supervisor, referred to the juvenile offenders as perverts, sick puppies, and sick bastards.

As a result of McKim's findings, Seidner, the appointing authority of the DYS, in accordance with §§ 36.280 and 36.380, sent the respondent a letter advising him that he was being demoted involuntarily from his position as Youth Facility Manager I at the NCTC in Mexico, Missouri, to a service coordinator position in Columbia, effective October 1, 2003. The letter further advised that the respondent was being demoted for violations of: (1) 1 CSR 20–3.070(2)(L), willful violation of regulations and policies after notice of the regu-

lations and policies; (2) 1 CSR 20–3.070(2)(H), guilty of scandalous and disgraceful conduct while on duty; (3) 1 CSR 20–3.070(2)(M), abuse and physical violence against other employees; (4) DSS 2–101, sexual harassment and inappropriate conduct; and (5) DSS 2–115, sexual harassment. As support for these alleged violations, the letter further advised the respondent of the underlying factual bases for the violations:

1) On July 10, 2002, stating to a female employee: "If you weren't lying on your back having a kid, you wouldn't have nothing to bitch about."

2) Between March 30, 1998, and October 10, 2000, making inappropriate comments about the female students in a youth group. Specifically, stating as one girl walked past, that "she has a really nice chest for such a young girl."

3) Between March 30, 1998, and October 10, 2000, making inappropriate comments about female students in a youth group. Specifically, commenting on their sexuality and breast size and stating in regards to one student that "[s]he'll make a good table dancer when she gets older."

4) On August 27, 2002, making crude jokes during a civil rights training course regarding the subject matter presented.

5) On June 11, 2002, referring to clients at the Center as perverts, sick puppies, and sick little bastards.

On October 17, 2002, pursuant to § 36.390.5, the respondent appealed his demotion to the PAB, which appeal was taken up for hearing on April 22, 2003. Having taken the cause under advisement, after five days of hearing evidence, the PAB, on July 8, 2003, issued its findings of fact and conclusions of law, and entered its order requiring the DYS to reinstate the

respondent to his previous position. In ordering his reinstatement, the PAB found, *inter alia,* that the respondent had, in fact, made all five of the comments alleged by the DYS as a basis for demoting him, four of which it deemed inappropriate. The only one found not to be inappropriate was the comment at the civil rights seminar. Nonetheless, the PAB concluded that the DYS, pursuant to §§ 36.280 and 36.380, could only demote an employee when such action was for the good of the service, and in this case, the DYS had failed to demonstrate that the respondent's demotion was for the good of the service in that there was no evidence to show a "pattern" of inappropriate behavior, as required by DSS 2–101. In that regard, the PAB found the substantiated comments were too remote in time, with respect to each other, to constitute a pattern of inappropriate behavior of the respondent, which would justify his demotion for a violation of DSS 2–101. The DYS did not appeal.

On August 5, 2003, in accordance with § 536.087, the respondent filed an application with the PAB seeking an award of attorney's fees and expenses in the amount of $23,147.58. The parties having waived a hearing, as provided in § 536.087.3, the PAB, on June 8, 2004, issued its findings of facts and conclusions of law, determining that the respondent was entitled to attorney's fees and expenses in the amount of $23,108.68, rather than the $23,147.58 he requested. On September 3, 2004, the appellant appealed the PAB's decision, awarding fees and expenses, to the Circuit Court of Cole County, which, on March 5, 2005, issued its judgment affirming the PAB's decision.

This appeal follows.

### Standard of Review

Section 536.087.7, governing awards of attorney's fees and expenses to prevailing parties in civil or agency proceedings, provides, in pertinent part:

> If a party or the state is dissatisfied with a determination of fees and other expenses made in an agency proceeding, that party or the state may within thirty days after the determination is made, seek judicial review of that determination from the court having jurisdiction to review the merits of the *underlying decision of the agency adversary proceeding.*

(Emphasis added.) As to judicial review of the underlying decision of the PAB in this case, § 36.390.11 provides that decisions of the PAB dismissing an agency employee are final and subject to review by the circuit court as a contested case pursuant to Chapter 536. Judicial review of contested cases are governed by §§ 536.100—.140. And, in accordance with § 536.087.7, if a party or the State is dissatisfied with the judgment of the circuit court, it may appeal to the appellate court having jurisdiction to review the merits of that judgment.

Our review is governed by § 536.087.7, which reads, in pertinent part:

> The reviewing or appellate court's determination on any judicial review or appeal heard under this subsection shall be *based solely on the record made before the agency or court below.* The court may modify, reverse or reverse and remand the determination of fees and other expenses if the court finds that the award or failure to make an award of fees and other expenses, or the calculation of the amount of the award, was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, or was made contrary to law or in excess of the court's or agency's jurisdiction.

(Emphasis added.) Hence, in accordance with § 536.087.7, our review is of the decision of the PAB awarding the respondent $23,108.68 in attorney's fees and expenses. In our review, we must defer to the PAB's findings of fact and will consider the evidence in the light most favorable to its decision. *Dishman v. Joseph,* 14 S.W.3d 709, 715 (Mo.App.2000). However, we review questions of law *de novo. Hutchings ex rel. Hutchings v. Roling,* 193 S.W.3d 334, 346 (Mo.App.2006).

## I.

In its sole point on appeal, the DYS claims that the PAB erred in awarding the respondent, pursuant to § 536.087.1, attorney's fees and expenses in the total amount of $23,108.68, because: (1) in making its requisite statutory finding in support of its award, that the DYS' demotion of the respondent was not substantially justified, the PAB erroneously declared and applied the law, § 536.087.1, by presuming that the DYS' position in demoting the respondent was not "substantially justified" since it did not prevail on the merits in the underlying action; and (2) the PAB's requisite statutory finding in support of its award, that the DYS' demotion of the respondent was not substantially justified, was not supported by the record. Because we find, *infra,* that the PAB erroneously applied a presumption, in determining whether to award the respondent attorney's fees and expenses, pursuant to § 536.087.7, that the DYS' position was not "substantially justified" since it lost on the underlying issue of the respondent's dismissal, we reverse and remand.

Section 536.087.1 provides:

A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.

The purpose of this section is to force the state or agency to "carefully scrutinize agency and court proceedings and to increase accountability of the administrative agencies." *Hernandez v. State Bd. of Registration for the Healing Arts,* 936 S.W.2d 894, 901–02 (Mo.App.1997). Section 536.087 was designed to relieve the financial burden a private party would face in challenging abusive or unreasonable government actions. Id. at 902. A prevailing party "may choose not to vindicate [his] rights against offensive government action if [he] believe[s] that the cost of litigating fee disputes would equal or exceed the cost of litigating the merits of the underlying case[ ]." Id. Thus, § 536.087 provides compensation in the form of attorney's fees and reasonable expenses, to a prevailing party in an action against the state or state agency, if the state or agency's position in the proceeding was not substantially justified. Id.

■ Here, after prevailing before the PAB on the merits in the underlying case challenging his demotion by the DYS, the respondent, pursuant to § 536.087.3, filed an application with the PAB seeking attorney's fees and expenses in the total amount of $23,147.58. Section 536.087.3 reads, in pertinent part:

A party seeking an award of fees and other expenses shall, within thirty days of a final disposition in an agency proceeding or final judgment in a civil action, submit to the court, agency or commission which rendered the final disposition or judgment an application which shows that the party is a prevailing party and is eligible to receive an award under this section, and the

amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses are computed. The party shall also allege that the position of the state was not substantially justified.

No hearing was held at the request of the parties. Hence, the PAB's determination of whether to award attorney's fees and expenses to the respondent, pursuant to § 536.087.1, was based solely on the record made before the PAB in the underlying case as to the merits of the respondent's demotion by the DYS.

In awarding the respondent $23,108.68 of the $23,147.58 in fees and expenses, the PAB concluded, *inter alia,* that:

> The Appointing Authority [DYS] was not substantially justified in his position that the [respondent] should have been involuntarily demoted....
>
> The [PAB] has no doubt that the Appointing Authority relied on the advice of those he had reason to believe were providing their best judgment on the matter and that the Appointing Authority had a good faith belief that his actions were justified. Yet, the legal standard is whether his position was "clearly reasonable." The standard of proof required of the Appointing Authority in the underlying case was set forth at pages 25–26 in the Conclusions of Law as follows:
>
> > The Appointing Authority must prove the case for demotion by evidence "which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is evidence which as a whole shows the fact to be proved to be more probable than not." *Fujita v. Jeffries,* 714 S.W.2d 202, 206 (Mo.App. E.D.1986).

> *The Board found that the Appointing Authority failed to meet that standard of proof in regard to whether the involuntary demotion was for the good of the service. It necessarily follows that the Appointing Authority's decision could not be characterized as "clearly reasonable." If the Board had determined that the facts and arguments that the Appointing Authority presented on behalf of the dismissal were "clearly reasonable," it would had to have approved the dismissal because a clearly reasonable position would be one that at least meets the legal standard of being supported by a preponderance of the evidence.*

(Emphasis added.) The appellant contends that these conclusions of the PAB clearly demonstrate that in concluding that the DYS had not carried its burden of showing that its position in demoting the respondent was "substantially justified," the PAB erroneously applied a presumption that the failure of the DYS to prevail in the underlying agency proceeding created a presumption that its position in demoting the respondent was not "substantially justified," requiring reversal and remand of the PAB's award.

Pursuant to § 536.087.3:

Whether or not the position of the state was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by an agency upon which a civil action is based) which is made in the agency proceeding or civil action for which fees and other expenses are sought, and on the basis of the record of any hearing the court or agency deems appropriate to determine whether an award of reasonable fees and expenses should be made, provided that any such hearing shall be limited to consideration of matters which affected

the agency's decision leading to the position at issue in the fee application.

Thus, the State, before the PAB, to avoid an award of attorney's fees and expenses, had the burden of establishing that its position in demoting the respondent was substantially justified at the time that the agency made its decision. *Hutchings,* 193 S.W.3d at 349. In addition, the agency determining whether to award attorney's fees cannot re-consider either the underlying facts or credibility issues of the case and award fees on the basis of new fact determinations. *Id.* To meet its burden, the State must show that it had "a reasonable basis in both fact and law for its position, and that this basis was not merely marginally reasonable but clearly reasonable, although not necessarily correct." *Id.* (citation omitted). Hence, the State can have a clearly reasonable basis for its position even if it is later deemed to be incorrect. *Id.* In fact, § 536.087.3 expressly provides: "[t]he fact that the state has lost the agency proceeding or civil action creates no legal presumption that its position was not substantially justified." *See also Greenbriar Hills Country Club v. Dir. of Revenue,* 47 S.W.3d 346, 354 (Mo. banc 2001); *State ex rel. Pulliam v. Reine,* 108 S.W.3d 148, 157–58 (Mo.App.2003). Whether the State acted in good faith is an important consideration in determining whether it was substantially justified; however, the prevailing party has no burden to prove that the State acted in bad faith. *Dishman,* 14 S.W.3d at 717.

In concluding, in awarding the respondent attorney's fees and expenses, that: "[t]he Board found that the Appointing Authority failed to meet that standard of proof in regard to whether the involuntary demotion was for the good of the service. It necessarily follows that the Appointing Authority's decision could not be characterized as 'clearly reasonable[,]' " it is readily apparent that the PAB was applying the very presumption proscribed by § 536.087.3. Hence, because it is impossible to discern how the PAB would have ruled on the respondent's request for § 536.087 attorney's fees and expenses had it not been operating under an erroneous presumption as to the law, we must reverse and remand to give the PAB the opportunity to rule *sans the presumption,* based solely on the existing record as established in accordance with § 536.087.3. *See Dishman,* 14 S.W.3d at 719 (remanding case to the PAB because it could not determine, as a matter of law, how the PAB would have ruled had it correctly applied the law to the facts).

### Conclusion

The judgment of the Circuit Court of Cole County affirming the decision of the PAB, awarding the respondent attorney's fees and expenses, in the total amount of $23,108.68, pursuant to § 536.087.1, is reversed and the case is remanded to the PAB for further proceedings consistent with this opinion.

BRECKENRIDGE and SPINDEN, JJ., concur.