**CITY OF PORTAGE DES SIOUX,**
**Plaintiff/Respondent,**

v.

**KLAUS LAMBERT and Constance**
**Alt, Defendants/Appellants.**

**No. ED 94007.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 26, 2010.

John C. Kress, The Kress Law Firm, LLC, St. Louis, MO, for appellants.

Stephen A. Martin, The Law Firm of Stephen A. Martin, St. Charles, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Defendant property owners appeal from a contempt judgment entered against them in favor of plaintiff city. The judgment imposed a $100.00 per day fine until defendants demolished certain buildings on their property, and if defendants did not demolish the buildings by November 30, 2009, it gave the city authority to demolish them. We dismiss the appeal for lack of a final judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendants, Klaus Lambert and Constance Alt, owned real property located in the City of Portage des Sioux (the city), in St. Charles County, Missouri. In early 2004, the city, as plaintiff, filed a petition against defendants seeking an injunction and other relief for defendants' violations of several city ordinances governing the safety and sanitation of buildings.

On April 27, 2004, the circuit court entered a Judgment and Order finding that defendants violated several of the city ordinances. The court ordered defendants to correct or abate the violations within 60 days of the judgment's entry, including the removal of a "red/rust colored building" and boat. The court also found that all remaining structures on the property were so damaged as to be unfit for use or habitation and ordered defendants to either restore, elevate, or demolish each structure within 180 days of the judgment. This judgment was affirmed. *City of Por-*

*tage Des Sioux v. Lambert*, 196 S.W.3d 587, 593 (Mo.App.2006). Defendants did not comply with the April 27, 2004 judgment by October 19, 2006, and the court entered a judgment giving defendants 60 additional days to comply with the abatement order that included removal of the red/rust colored building and 180 days to comply with the abatement order requiring defendants to either restore, elevate, or demolish the remaining structures on the property.

On August 4, 2009, the city filed a motion for contempt against each defendant. After a hearing, the court entered a "Judgment/Order" adjudging defendants guilty of contempt of court because of their failure to comply with the April 27, 2004 and October 19, 2006 orders. The court ordered defendants to pay a fine of $100.00 per day "until such time as they have purged themselves of this contempt by demolishing and removing the red/rust colored building and demolishing and removing the remaining buildings on the property." It further ordered:

> to ensure defendants['] compliance with the judgment of April 27, 2004, as extended by the order of October 19, 2006, and this judgment/order, if [defendants] fail to demolish and remove the [ ] red/rust colored building and remaining buildings on the property by November 30, 2009, the [city] is hereby authorized to demolish and remove the structures.

Defendants appeal from this "Judgment/Order."

## DISCUSSION

■ On appeal, defendants raise eleven points of error. However, before we reach the merits of this appeal, we must *sua sponte* determine whether we have authority to decide this case. *In re Marriage of Werths*, 33 S.W.3d 541, 542 (Mo. banc 2000); *see also Edmondson v. Edwards*, 280 S.W.3d 752, 757 (Mo.App.2009). This court does not have authority if there is no final judgment. *Missouri Highway and Transp. v. Westgrove*, 306 S.W.3d 618, 626 (Mo.App.2010); *Werths*, 33 S.W.3d at 542. Accordingly, we gave the parties the opportunity to supplement their briefs on the question of whether there has been a final judgment, and they have done so.

■ A civil contempt order is not a final judgment for purposes of appeal until it has been enforced. *In re Marriage of Tibbs*, 177 S.W.3d 855, 856–57 (Mo.App. 2005). A court must be able to enforce a judgment for the judgment to be valid. *Edmondson*, 280 S.W.3d at 757. "In order to comply with this requirement, the judgment must adjudicate the controversy to a conclusion which permits issuing and processing of executions or other court orders seeking to enforce the judgment, without the need for external proof and another hearing." *Id.* (quoting *Superlube Inc. v. Innovative Real Estate*, 94 S.W.3d 480, 484 (Mo.App.2003)).

■ "When enforcement occurs depends on the remedy." *Tibbs*, 177 S.W.3d at 857. A judgment cannot be based on actions that may or may not occur in the future. *Edmondson*, 280 S.W.3d at 758. Judgments that do not become operative unless and until certain conditions occur are not final for purposes of appeal. *Id.* (quoting *Schroff v. Smart*, 73 S.W.3d 28, 30 (Mo.App.2002)). " 'Generally, where the enforcement of a judgment is conditional upon the occurrence or nonoccurrence of future acts, the performance or nonperformance of which is outside the record, the judgment is deemed indefinite and unenforceable.' " *Edmondson*, 280 S.W.3d at 758 (quoting *B.J.M.T. ex rel. McClure v. Teff*, 21 S.W.3d 154, 156 (Mo.App.2000)).

In *Edmondson*, the defendants maintained a pond on their property in violation

of an injunction. 280 S.W.3d at 754–55. The contempt judgment ordered: "IT IS FURTHER ORDERED that [D]efendants may purge themselves of such contempt by demolishing the pond by July 20, 2007. For failure to do so, execution may issue." The court of appeals dismissed the appeal because the contempt judgment was not final. *Id.* at 758. The court determined that the judgment was too indefinite to be final because it failed to adjudicate the controversy to a conclusion without the need for external proof and another hearing on whether defendants complied by demolishing the pond. *Id.* at 757–58. In addition, the judgment was conditioned on acts that might or might not occur in the future. *Id.*

█ This case falls squarely within *Edmondson.* The judgment was conditioned on defendants' compliance. The contempt order entered in this case could not be enforced without an additional evidentiary hearing or external proof on defendants' compliance with that part of the order requiring them to demolish their buildings by November 30, 2009. This rendered the enforcement conditional upon the occurrence or nonoccurrence of a future act, the performance of which was outside the record, making the judgment indefinite and unenforceable.[1]

█ A judgment must "leave [ ] nothing for future determination." *Werths,* 33 S.W.3d at 542. Because at the time it was entered, the demolition order left enforcement for future determination, the judgment was not final.

---

1. Defendants argue that because it is undisputed that they did not comply with the order to demolish by November 30, 2009, the order is no longer conditional and there is no need for a hearing. This argument ignores the fact that we review a judgment for finality at the time it was entered and not on the basis of subsequent events. Defendants also argue that the judgment was definite because it spe-

*Conclusion*

Appeal dismissed.

GLENN A. NORTON, P.J. and GEORGE W. DRAPER III, J., concur.

cifically provided what would happen if defendants did not demolish their buildings. The judgment was indefinite because the order giving the city the authority to demolish the buildings was conditional on defendant's noncompliance, *see Edmondson,* 280 S.W.3d at 758, not because the further remedy may or may not have been phrased in specific terms.