In re the Matter of Andrea K. SAND-
ERS; State of Missouri, Department
of Social Services, Family Support Di-
vision, Appellant,

v.

Delmar HATCHER, Jr., Respondent.

No. WD 72771.

Missouri Court of Appeals,
Western District.

May 24, 2011.

Nicolas Taulbee, Kansas City, MO Counsel for Appellant.

Delmar Hatcher, Kansas City, MO Respondent Acting Pro Se.

Before GARY D. WITT, P.J., JAMES EDWARD WELSH, and ALOK AHUJA, JJ.

JAMES EDWARD WELSH, Judge.

The State of Missouri, Department of Social Services, Family Support Division (Division) appeals the circuit court's judgment awarding attorney's fees and filing fees to Delmar Hatcher, Jr., in an action involving an administrative child support order issued pursuant to section 454.470, RSMo Cum.Supp.2010. The Division contends that the circuit court erred in awarding attorney's fees to Hatcher because Hatcher was not a prevailing party and because the Division was substantially justified when it ordered Hatcher to pay child

support and provide health insurance for the child. The Division further contends that, even if attorney's fees were appropriate, the circuit court acted in excess of its statutory authority because the court awarded attorney's fees at a rate of $150 per hour rather than the statutorily prescribed rate of $75 per hour. Finally, the Division contends that the circuit court erred in awarding Hatcher $137 for filing fees because no statutory authority exists to justify the award of filing fees in this action. We affirm in part, reverse in part, and remand in part.

Pursuant to section 454.470, the Division began establishing a child support order for the minor child at the request of the mother. On September 11, 2007, the Division issued a Notice and Finding of Financial Responsibility, which alleged that Hatcher should pay monthly child support in the amount of $207 and provide health insurance coverage for the minor child if he had an insurance plan available on a group basis or through an employer or union. The Division calculated the presumed child support amount using the Form 14 pursuant to Supreme Court Rule 88.01. The Division listed Hatcher's monthly gross income at $1,127 based upon Missouri's minimum wage and gave Hatcher a $25 adjustment on line 2a of the Form 14 for other court or administratively ordered child support being paid. The Division served Hatcher with the Notice and Finding of Financial Responsibility on March 11, 2008. Hatcher requested an administrative hearing because he disagreed with the alleged obligation for child support and medical support.

On July 28, 2008, the Division held an administrative hearing. During the hearing, Hatcher's attorney stated that "we don't dispute any of the figures that the technician already had in for income and credits. The only reason we requested a hearing is because Mr. Hatcher has some additional credits that [the technician] simply didn't know existed and has since confirmed." Hatcher presented evidence that he was entitled to a credit for the additional child in his home and a credit for other child support being paid. Hatcher also said that he did not have medical insurance available for the child. Mother also testified at the hearing, and she said that she had medical insurance available to her through her work for the child and that the child was enrolled in that insurance. After the hearing, the hearing officer left the record open until August 15, 2008, for mother to provide proof of medical insurance covering the minor child and the cost of that insurance. The hearing officer never received documentation regarding the cost of health insurance for the child.

On December 17, 2008, the hearing officer mailed her Decision and Order to the parties. The decision imputed a gross monthly income of $1,153 based upon Missouri minimum wage and ordered Hatcher to pay child support in the amount of $153 per month beginning March 15, 2008. The Division calculated the child support amount using the Form 14, giving Father a $134 credit for the additional child in his home and a $259 credit for other child support being paid. The Division based the credit for other child support being paid on both the agency evidence and Hatcher's testimony that he was paying $259 per month. The decision also ordered Hatcher to "name and maintain the minor child as a covered dependent on any health insurance policy available on a group basis or through Father's employer or union[.]"

Hatcher filed a motion for judicial review with the circuit court on January 16, 2009. In the motion, Hatcher disputed the Division's decision to impute income to him by Missouri's minimum wage, disputed the

amount of credit given for other child support being paid, disputed the credit given for another child in his home, disputed the lack of credit given for visitation with the minor child, and, disputed the order to provide health insurance for the minor child. The matter was submitted to the court upon the parties' pleadings and the record of the Division's administrative proceeding. On June 12, 2009, the circuit court entered a judgment affirming the administrative order in part and modifying the administrative order in part. The court affirmed the decision relating to the child support amount. The court, however, modified the decision regarding health insurance and, instead, ordered mother to provide the health insurance coverage. In regard to the health insurance, the circuit court's judgment said:

> That Missouri Revised Statutes, section 454.603 provides that a court or agency has discretion in determining which parent shall be responsible for providing a health benefit plan on behalf of the minor child in circumstances where both parents have health benefit plans available and in circumstances where neither parent has a health benefit plan available for the minor child.

> In the present case [mother] has a health plan available for the minor child and [Hatcher] does not have a health plan available for the minor child. Missouri Revised Statutes, section 454.602 directs that, "a requirement shall be imposed whenever a health benefit plan is available at reasonable cost through a parent's employer or union or in any IV–D case." [Mother] testified that she had a health benefit plan available through her employer and currently provided coverage for the minor child.

> The fact that [mother] failed to provide evidence of the cost of her health benefit plan results in her costs not being included in child support calcula-

tions.... Therefore the portion of the Hearing Officer's Decision and Order directing [Hatcher] to name and maintain the minor child as a covered dependent on any health benefit plan shall be modified to direct that [mother] shall name and maintain the minor child as a covered dependent on any health benefit plan.

After the circuit court's judgment, Hatcher filed a petition for attorney's fees and costs pursuant to section 536.087, RSMo 2000, on July 2, 2009. Hatcher asserted that because he was a prevailing party on at least one issue of significance and because the Division was unjustified in its position, he was entitled to attorney's fees and costs. On March 12, 2010, the circuit court held a hearing on the petition for attorney's fees. On June 2, 2010, the court entered its judgment awarding attorney's fees at a rate of $150 per hour totaling $2,237. The circuit court found that Hatcher was a prevailing party in his administrative hearing before the Division's hearing officer in that the hearing officer ordered that child support be set at $153 per month and not the $207 determined by the Division in its Notice and Finding of Financial Responsibility. The circuit court also found that Hatcher was a prevailing party in his petition for judicial review in regard to the issue of health insurance. Further, the circuit court found that the Division was unjustified in maintaining its position and in proceeding with this matter. The court said:

> That in this case, not only was the [Division] nor [sic] careful when it filed its cause of action and sought the wrong amount of child support and health insurance from [Hatcher], but it continued to maintain that position after [Hatcher] pointed out the [Division's] error, and further, the [Division] failed to settle this case or to respond to [Hatcher's]

offers to negotiate settlement of this matter so as to minimize the attorney fees incurred by [Hatcher] in this matter.

On June 17, 2010, the Division filed a motion for rehearing on the issue of the attorney's fees. On July 19, 2010, the circuit court denied the Division's motion. The Division appeals.

■■■ "We may modify, reverse, or reverse and remand a trial court's determination of attorney's fees under Section 536.087 if the award, or the calculation of the amount of the award, was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, was made contrary to law, or was made in excess of the court's jurisdiction." *Hutchings ex rel. Hutchings v. Roling*, 193 S.W.3d 334, 346 (Mo.App.2006); § 536.087.7; RSMo 2000. Our determination is made solely upon the record made before the agency or the circuit court. § 536.087.7. When considering questions of law, our review is *de novo*. *Hutchings*, 193 S.W.3d at 346.

■■ In its first point on appeal, the Division asserts that the circuit court erred in granting Hatcher's petition for attorney's fees because Hatcher was not a prevailing party. Section 536.087.1 states:

A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.

"The intent of the statute is 'to require agencies to carefully scrutinize agency and court proceedings and to increase accountability of the administrative agencies.'" *State of Mo., Div. of Child Support En-*

*forcement v. Grimes*, 998 S.W.2d 807, 810 (Mo.App.1999) (citation omitted). The statute "was designed to relieve the financial burden a private party would face in challenging abusive or unreasonable government actions." *Seidner v. Webster*, 201 S.W.3d 104, 108 (Mo.App.2006), *abrogated on other grounds by Mo. Veterans' Comm'n v. Vanderhook*, 290 S.W.3d 115 (Mo.App.2009). As the *Seidner* court explained:

A prevailing party "may choose not to vindicate [his] rights against offensive government action if [he] believe[s] that the cost of litigating fee disputes would equal or exceed the cost of litigating the merits of the underlying case." Thus, § 536.087 provides compensation in the form of attorney's fees and reasonable expenses, to a prevailing party in an action against the state or state agency, if the state or agency's position in the proceeding was not substantially justified.

*Id.* (citations omitted).

■■ A prevailing party is not required to prevail on all issues to be eligible for attorney's fees. "Section 536.087 authorizes an award of attorney's fees even if the party does not prevail on all the issues." *Grimes*, 998 S.W.2d at 810.

Although the circuit court found that Hatcher was the prevailing party on the child support issue at the administrative hearing, section 536.087.4 says that "[a] prevailing party in an agency proceeding shall submit an application for fees and expenses to the administrative body before which the party prevailed. A prevailing party in a civil action on appeal from an agency proceeding shall submit an application for fees and expenses to the court." Section 536.087.2, however, says:

In awarding reasonable fees and expenses under this section to a party who

prevails in any action for judicial review of an agency proceeding, the court

shall include in that award reasonable fees and expenses incurred during such agency proceeding unless the court finds that during such agency proceeding the position of the state was substantially justified, or that special circumstances make an award unjust.

Hatcher, however, did not prevail on the child support issue in his action for judicial review. The circuit court affirmed the agency's decision on the child support issue.

Clearly, however, Hatcher was the prevailing party at the circuit court level on the health insurance issue. The circuit court found that at the administrative hearing mother testified that she had a health benefit plan available through her employer and that she was currently providing coverage for the minor child. At that same hearing, Hatcher testified that he did not have health insurance coverage for the child. Even in light of this evidence, the Division, however, persisted in its position of wanting Hatcher to provide medical insurance for the child. The circuit court, however, modified the agency's decision and directed that mother "name and maintain the minor child as a covered

dependent on any health benefit plan." Hatcher, therefore, was the prevailing party on the health insurance issue.

The Division asserts, however, that even if Hatcher prevailed on the health insurance issue, Hatcher is not entitled to attorney's fees because the Division was substantially justified in its position regarding the health insurance. We disagree.

A decision is "substantially justified" if it is based reasonably "in law and fact." *Greenbriar Hills Country Club v. Dir. of Revenue*, 47 S.W.3d 346, 354 (Mo. banc 2001) (citation and quotation marks omitted). The burden is on an agency to establish that its decision was substantially justified. *Id.*

As previously noted, the facts established that the Division was not substantially justified in persisting in its position of wanting Hatcher to provide medical insurance for the child.[1] The Division, therefore, failed to meet its burden of proving that it was substantially justified.

We do agree with the Division, however, that because Hatcher prevailed with regard to the health insurance issue only, he is entitled to attorney's fees with regard to that issue only.[2] In regard to

---

1. Indeed, section 454.603.4, RSMo 2000, says:

 If the child is not covered by a health benefit plan but such a plan is available to one of the parents, the court or the division shall order that coverage under the health benefit plan be provided for the child unless there is available to the other parent a health benefit plan with comparable or better benefits at comparable or reduced cost. In this case, according to the mother's testimony, the child was already being covered under the mother's health benefit plan. But, if the child had not been covered under the mother's plan, pursuant to section 454.603.4, the Division would have ordered mother to provide coverage under her policy because she had a plan available and Hatcher did not.

2. It is arguable that, because Hatcher was a "prevailing party" on the health insurance issue in the circuit court, section 536.087.2 would have authorized the circuit court to award Hatcher fees for his successful prosecution of the child support issue before the Division. We need not decide this issue, however, because the record indicates that the Division was substantially justified in defending the child support amount contained in the initial Notice and Finding of Financial Responsibility: the additional credits which Hatcher was awarded following the evidentiary hearing were based on circumstances which arose following the Division's initial determination. Indeed, at the administrative hearing, Hatcher acknowledged that the Division did not know about his additional credits

attorney's fees, "[t]here is no dispute that partial awards are contemplated by ... the Missouri statutes." *White v. Mo. Veterinary Medical Bd.,* 906 S.W.2d 753, 756 (Mo.App.1995). The circuit court, however, ordered the Division to pay all of Hatcher's attorney's fees in this matter. On remand, the circuit shall determine the portion of attorney's fees attributable to the health insurance issue.

The Division also asserts that the circuit court erred in awarding Hatcher attorney's fees at the rate of $150 per hour rather than the statutorily prescribed rate of $75 per hour. Section 536.085(4), RSMo 2000, says, "[A]ttorney fees shall not be awarded in excess of seventy-five dollars per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee[.]" "The Division does not bear the burden of proving the absence of a special factor; instead, the party requesting an award of attorney fees must present competent and substantial evidence to support the claim." *Washington v. Jones,* 154 S.W.3d 346, 352 (Mo.App.2004). Hatcher did not present competent and substantial evidence to support his claim that any special factors justified a higher fee. Although Hatcher testified at the hearing on his motion for attorney's fees, his attorney did not. Hatcher also did not call any other witnesses to testify regarding any special factors that justified a higher fee.

In making its decision awarding Hatcher attorney's fees at the rate of $150 per hour rather than the statutorily prescribed rate of $75 per hour, the circuit court found:

> That the Court also relies upon the case of *Hutchings v. Roling,* 193 S.W.3d 334 (Mo.App.2006), wherein the Eastern District held that where there is a limit-

ed availability of qualified attorneys for the proceedings involved, this in and of itself constitutes a special factor [and] allows a trial court to assess attorney fees at a rate in [excess] of the statutory amount. *Id.* at 350.

. . .

> That furthermore, as in the *Hutchings* case, this Court does not believe that any other qualified and competent attorney practicing in the area of family law would have handled [Hatcher's] case for the statutory rate and that $150.00 per hour is the minimum amount [Hatcher] would have been expected to pay for a family law attorney to represent him in extended administrative litigation against the State of Missouri.

In *Hutchings,* however, the circuit court had before it evidence supporting the increased fee. The *Hutchings* court noted:

> The trial court's findings of fact on this issue were that [the Director of Social Services] did not challenge [Hutchings's attorney's] recognized expertise and experience in Medicaid law, guardian had testified to his difficulty in obtaining competent counsel experienced in Medicaid law to appeal the agency decision, [Hutchings's family attorney] testified that he was not competent to represent plaintiff in this case, and [Hutchings' attorney] had testified that his $200 hourly rate was reasonable based on both the prevailing rates for attorneys and his vast experience in Medicaid law. From these findings, the trial court concluded that a "special factor such as limited availability of qualified attorneys for the proceedings involved" existed, so the fees were not subject to the statutory maximum of $75.00 per hour.

when the Division issued its initial Notice and

Finding of Financial Responsibility.

193 S.W.3d at 350. Moreover, the *Hutchings* court found that "[t]here was uncontroverted evidence that [Hutchings's attorney] was the only available attorney in the metropolitan St. Louis area who could and would handle [his] case." *Id.* No such evidence or testimony was offered in this case. Thus, because Hatcher did not present competent and substantial evidence to support his claim that special factors justified a higher fee, the circuit court erred in awarding Hatcher attorney's fees at the rate of $150 per hour rather than the statutorily prescribed rate of $75 per hour.

 Finally, the Division asserts that the circuit court erred in including in the attorney's fees award the $137 for filing fee. The Division contends that the State of Missouri has immunity from most fee awards that that no statutory authority exists justifying an award of $137 for the filing fee. The circuit court's judgment is unclear as to whether the filing fee was included in its award, but, to the extent it was included, it was error.

Pursuant to 536.087.1, Hatcher was entitled to "reasonable fees and expenses" if he was the prevailing party and the State's position was not substantially justified or special circumstances made an award unjust. Section 536.085(4) defines "reasonable fees and expenses" as including "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court or agency to be necessary for the preparation of the party's case, and reasonable attorney or agent fees." Filing fees are not included in this list. Thus, the appropriate canon to apply here is the maxim *expressio unius est exclusio alterius:* the express mention of one thing implies the exclusion of another. *See, e.g., Tracy v. Klausmeyer,* 305 S.W.2d 84, 88 (Mo.App.1957). Moreover, section 454.445, RSMo 2000, specifically says that the Division shall not be required to pay filing fees. That section provides:

No deposit or other filing fee, court fee, library fee, or fee for making copies of documents shall be required to be paid by the division of child support enforcement, or any attorney bringing action pursuant to a referral by the division of child support enforcement, by any circuit clerk or other county or state officer for the filing of any action or document necessary to establish paternity, or to establish, modify or enforce a child support obligation.

§ 454.445. Therefore, to the extent that the circuit court's award included the filing fee, the circuit court erred.

## Conclusion

We reverse the circuit court's judgment ordering the Division to pay all of Hatcher's attorney's fees in this matter. Hatcher is not entitled to attorney's fees on the child support issue. We affirm the award of attorney's fees on the health insurance issue because Hatcher was the prevailing party and the Division's position was not substantially justified. We remand, however, for the circuit court to determine the portion of attorney's fees attributable to the health insurance issue. We also reverse the circuit court's judgment awarding Hatcher attorney's fees at the rate of $150 per hour rather than the statutorily prescribed rate of $75 per hour. Moreover, to the extent that the circuit court's award included the filing fee, we reverse that portion of the circuit court's judgment. We remand for further proceedings consistent with this opinion.

All concur.