

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

| | | |
|---|---|---|
| NATHAN T. COOLING, | ) | Nos. ED100863 and ED100897 |
| | ) | |
| Respondent/Cross-Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Michael F. Stelzer |
| STATE OF MISSOURI, DEPARTMENT OF | ) | |
| SOCIAL SERVICES, FAMILY SUPPORT | ) | |
| DIVISION, | ) | |
| | ) | |
| Appellant/Cross-Respondent. | ) | Filed: October 21, 2014 |

In this action for attorney's fees following proceedings in the Family Support Division, the court determined that attorney's fees were due. The court did not, however, award an amount of attorney's fees pursuant to its determination. Therefore, we must dismiss the appeal for lack of a final judgment.

### Factual and Procedural Background

The Family Support Division of the Department of Social Services pursued father, Nathan Cooling, for past-due child support, asserting that he owed $45,900. The Division sent notice that it intended to refer father's name to consumer-reporting agencies as a person who owed past-due child support. The Division also issued an income-withholding order to father's employer. Ultimately, an administrative hearing officer determined that father owed no child-support arrearage. Importantly, the Division did not contest that determination. Instead, the

Division refunded the withheld income to father and did not report him to any consumer-reporting agency.

Having successfully contested the amount of past-due support owed by him, father applied for attorney's fees under the provisions of Section 536.087.[1] The administrative hearing officer denied father's request. The officer concluded that an award of attorney's fees was not authorized because the proceedings giving rise to father's request did not constitute an "agency proceeding" as defined by Section 536.085(1) and required for an award of attorney's fees under Section 536.087. The officer further determined that even if there had been an "agency proceeding," an award of attorney's fees was improper because the Division was substantially justified in its actions. Father sought judicial review in the circuit court.

The circuit court viewed matters differently. The court determined that the underlying administrative child-support proceedings were contested and that the Division was not substantially justified in its actions. The court awarded father $2,500 in attorney's fees against the Division.

The Division filed a post-judgment motion, arguing in part that the court's fee award should be stricken as premature and not ripe for adjudication because the underlying merits of the case had not been finally determined when the court ruled on father's application for attorney's fees. The circuit court granted the Division's point and vacated the award of attorney's fees as untimely. In all other respects, the court stated that its judgment remained intact. The court reasoned that its September judgment was not a final and unreviewable decision under Section 536.087.4 because the Division had filed a post-trial motion and had

---

[1] Section 536.087.1 of the Revised Statutes of Missouri reads:

A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.

indicated that it intended to appeal the finding of no "substantial justification." As such, the court concluded that it could not render a decision on father's fee application.

The parties now appeal to this Court, raising the issues of whether the underlying administrative child-support proceedings constituted an "agency proceeding" and whether the Division was substantially justified in its actions.

### *Discussion*

Before we consider the merits of this appeal, we must *sua sponte* determine whether we have the authority to decide the case. *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2012); *City of Portage Des Sioux v. Klaus Lambert,* 323 S.W.3d 462, 464 (Mo. App. E.D. 2010). This Court does not have authority if there is no final judgment. *Id.* For purposes of appeal, a final judgment disposes of all parties and issues in a case, and leaves nothing for future determination. *Ndegwa*, 371 S.W.3d at 801.

The circuit court's judgment is not a final judgment. The circuit court determined that father was entitled to attorney's fees, but in the end did not award those fees. The court did not finally resolve the very issue it was called upon to decide. As it stands now, the court's judgment leaves the award to future determination and subjects the case to piecemeal appeals. Even though we review the hearing officer's judgment, the court's judgment is necessary to the adjudication of the issue of attorney's fees.

The circuit court, at the Division's erroneous behest, vacated the fee award as premature.[2] In making its argument, the Division cited two subsections of Section 536.087 as well as this

---

[2] In post-argument briefing before this Court, the Division now agrees that the circuit court's judgment is not a final judgment because the court did not enter an award of fees, and thus did not dispose of all issues in the case. The Division urges this Court to remand the case to the circuit court for entry of a final judgment. Father also agrees that the circuit court's judgment is not final, but claims Section 536.087.4 creates an exception to the final-judgment rule, and that the circuit court is mandated by statute, as well as the *Hutchings* decision, to hold his application in abeyance until this Court on appeal renders a decision on the merits.

Court's decision *Hutchings v. Roling*, 151 S.W.3d 85 (Mo. App. E.D. 2005). First, quoting Section 536.087.3, the Division noted that:

 "[a] party seeking an award of fees and other expenses shall, within thirty days of a final disposition in an agency proceeding or final judgment in a civil action, submit to the court, agency or commission which rendered the final disposition or judgment an application which shows that the party is a prevailing party and is eligible to receive award under this section…."

Moreover, citing Section 536.087.4, the Division noted that:

"[w]hen the [S]tate appeals the underlying merits of an adversary proceeding, no decision on the application for fees and other expenses in connection with that adversary proceeding shall be made under this section until a final and unreviewable decision is rendered by the court on the appeal or until the underlying merits of the case have been finally determined pursuant to the appeal."

Finally, relying on *Hutchings*, the Division noted that:

"[W]hile a fee application is properly filed prior to a final judgment, it is held in abeyance until the adversarial proceeding becomes final."

151 S.W.3d at 91-92. In sum, the Division argued that the circuit court must hold an award of attorneys' fees in abeyance until the underlying merits of the case – father's entitlement to attorney's fees – have been finally determined on appeal.

The parties and the circuit court misread the statute and thus the court incorrectly vacated the attorney's fee award as premature. The statute and case law provide that an application for attorney's fees is held in abeyance pending a final determination of the merits in the underlying action, not in the action for fees itself.

Section 536.087 authorizes an award of attorney's fees, subject to certain stated conditions, to a party who prevails in an agency proceeding or civil action arising therefrom.[3]

---

[3] In total, Section 536.087 provides:
    1. A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party

4

in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.

2. In awarding reasonable fees and expenses under this section to a party who prevails in any action for judicial review of an agency proceeding, the court shall include in that award reasonable fees and expenses incurred during such agency proceeding unless the court finds that during such agency proceeding the position of the state was substantially justified, or that special circumstances make an award unjust.

3. A party seeking an award of fees and other expenses shall, within thirty days of a final disposition in an agency proceeding or final judgment in a civil action, submit to the court, agency or commission which rendered the final disposition or judgment an application which shows that the party is a prevailing party and is eligible to receive an award under this section, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses are computed. The party shall also allege that the position of the state was not substantially justified. The fact that the state has lost the agency proceeding or civil action creates no legal presumption that its position was not substantially justified. Whether or not the position of the state was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by an agency upon which a civil action is based) which is made in the agency proceeding or civil action for which fees and other expenses are sought, and on the basis of the record of any hearing the court or agency deems appropriate to determine whether an award of reasonable fees and expenses should be made, provided that any such hearing shall be limited to consideration of matters which affected the agency's decision leading to the position at issue in the fee application.

4. A prevailing party in an agency proceeding shall submit an application for fees and expenses to the administrative body before which the party prevailed. A prevailing party in a civil action on appeal from an agency proceeding shall submit an application for fees and expenses to the court. The filing of an application shall not stay the time for appealing the merits of a case. When the state appeals the underlying merits of an adversary proceeding, no decision on the application for fees and other expenses in connection with that adversary proceeding shall be made under this section until a final and unreviewable decision is rendered by the court on the appeal or until the underlying merits of the case have been finally determined pursuant to the appeal.

5. The court or agency may either reduce the amount to be awarded or deny any award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

6. The decision of a court or an agency on the application for reasonable fees and expenses shall be in writing, separate from the judgment or order of the court or the administrative decision which determined the prevailing party, and shall include written findings and conclusions and the reason or basis therefor. The decision of a court or an agency on the application for fees and other expenses shall be final, subject respectively to appeal or judicial review.

7. If a party or the state is dissatisfied with a determination of fees and other expenses made in an agency proceeding, that party or the state may within thirty days after the determination is made, seek judicial review of that determination from the court having jurisdiction to review the merits of the underlying decision of the agency adversary proceeding. If a party or the state is dissatisfied with a determination of fees and other expenses made in a civil action arising from an agency proceeding, that party or the state may, within the time permitted by law, appeal that order or judgment to the appellate court having jurisdiction to review the merits of that order or judgment. The reviewing or appellate court's determination on any judicial review or appeal heard under this subsection shall be based solely on the record made before the agency or court below. The court may modify, reverse or reverse and remand the determination of fees and other expenses if the court finds that the award or failure to make an award of fees and other expenses, or the calculation of the amount of the award, was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, or was made contrary to law or in excess of the court's or agency's jurisdiction. Awards made pursuant to this act shall be payable from amounts appropriated therefor. The state agency against which the award was made shall request an appropriation to pay the award.

Section 536.087.1; *Stigger v. Mann*, 263 S.W.3d 721, 724 (Mo. App. W.D. 2008). Section 536.087 was patterned after the federal Equal Access to Justice Act, 28 U.S.C. Section 2412 (1982). *McMahan v. Missouri Dep't of Soc. Servs., Div. of Child Support Enforcement*, 980 S.W.2d 120, 125 (Mo. App. W.D. 1998). Congress passed the federal act "to encourage relatively impecunious private parties to challenge abusive or unreasonable government behavior by relieving such parties of the fear of incurring large litigation expenses." *Id.* (internal quotation omitted). The intent of both the EAJA and Section 536.087 is "to require agencies to carefully scrutinize agency and court proceedings and to increase the accountability of the administrative agencies." *Sanders v. Hatcher*, 341 S.W.3d 762, 766 (Mo. App. W.D. 2011)(internal quotation omitted); *Brown v. Missouri Dept. of Family Support*, 297 S.W.3d 668, 671 (Mo. App. E.D. 2009). The statute "was designed to relieve the financial burden a private party would face in challenging abusive or unreasonable government actions." *Sanders*, 341 S.W.3d at 766. As our courts have explained:

> A prevailing party "may choose not to vindicate [his] rights against offensive government action if [he] believe[s] that the cost of litigating fee disputes would equal or exceed the cost of litigating the merits of the underlying case." Thus, §536.087 provides compensation in the form of attorney's fees and reasonable expenses, to a prevailing party in an action against the state or state agency, if the state or agency's position in the proceeding was not substantially justified.

*Sanders*, 341 S.W.3d at 766 (internal quotation omitted).

The statutory language contained in subsection 4 and relied upon in withholding the award, provides that "when the State appeals the underlying merits of an adversary proceeding, no decision on the [fee application] in connection with that adversary proceeding shall be made until a final and unreviewable decision is rendered by the court on the appeal or until the underlying merits of the case have been finally determined pursuant to the appeal." Section 536.087.4. The parties have posited that this provision should apply to the fee proceeding.

6

When construing statutes, our goal is to ascertain the intent of the legislature from the language used, to give effect to the intent if possible, and to consider the words used in their plain and ordinary meaning. *Treasurer of State – Custodian of Second Injury Fund v. Witte*, 414 S.W.3d 455, 461 (Mo. banc 2013). Statutory construction should not be hyper-technical, but reasonable and logical and should give meaning to the statute. *Gash v. Lafayette Cnty*, 245 S.W.3d 229, 232 (Mo. banc 2008). Construction of a statute should avoid unreasonable or absurd results. *Aquila Foreign Qualifications Corp. v. Dir. of Revenue,* 362 S.W.3d 1, 4 (Mo. banc 2012). In determining the meaning of a word in a statute, this Court will not look at any one portion of the statute in isolation, but rather will look at the word's usage in the context of the entire statute to determine its plain meaning. *Id*. at 4; *BASF Corp. v. Dir. of Revenue*, 392 S.W.3d 438, 444 (Mo. banc 2012).

Considering the subsection and statute as whole, we conclude that this provision refers to an "agency proceeding" or a "civil action arising therefrom" – or, in other words, the underlying proceedings that determine the prevailing party. Viewing the statute in its entirety, the legislature largely wrote the statute in a logical order. In general, subsections 1 and 2 authorize the fee award and set out the requisite conditions for that award. Subsection 3 sets out details for the fee application, including the time limitation for filing the application, and the allegations to be included in the application. Subsection 4 largely tells the prevailing party where they should file their application. Subsections 5 and 6 provide directions to the court for awarding or denying any award. And finally, subsection 7 provides for appeal of a determination of fees.

Subsection 4, as noted, largely instructs the prevailing party where to file his fee application. The subsection first provides that a prevailing party in an agency proceeding should submit their application to the administrative body, and then secondly provides that a prevailing

7

party in a civil action on appeal from an agency proceeding should file his application with the court. The subsection then addresses the situation where the State appeals the underlying merits of an adversary proceeding. Read in context, this provision must mean either the agency proceeding or the civil action, referenced immediately above and used throughout Section 436.087. No statutory language exists, either in subsection 4 or in the other portions of Section 436.087, to suggest that this provision refers to the fee proceeding itself. Given the order in which the legislature wrote the statute, we conclude here that the legislature intended this provision refers to the underlying procedure that determines the prevailing party. To have the provision mean the fee proceeding would be illogical, given the natural, logical progression of the statute. If the legislature had intended for this provision to include the fee proceeding, resulting in a fee award being held in abeyance pending a determination on appeal of a party's entitlement to that fee, the legislature would have included this language from subsection 4 in subsection 7, the actual subsection dealing with appeals of fee determinations.

We note further that the statute and caselaw treat the proceeding for attorney's fees as a separate, distinct matter from the underlying action that determines the prevailing party, be it an agency proceeding or a civil action arising therefrom. Subsection 6 provides that the decision on a fee application is separate from the judgment or order that determined the prevailing party. The *Hernandez* case likewise makes a distinction between underlying case and the fee proceeding. *Hernandez v. State Bd. of Registration for Healing Arts*, 936 S.W.2d 894 (Mo. App. W.D. 1997). There, the Court held that Section 536.087 provides for recovery of fees incurred in petitioning for fees, as well as those fees incurred in the underlying civil action or agency proceeding. *Id.* at 901-02.

8

Given that attorney's fees are only available to a "prevailing party," a fee application logically should be held in abeyance pending that determination. Once the prevailing party is determined, however, no need exists to hold the fee application in abeyance. Given the different treatment between the underlying proceeding and the fee proceeding, as well as the underlying policy behind Section 536.087, to provide the means necessary for private parties to challenge offensive governmental action, we cannot conclude that the legislature intended further delay once a prevailing party has been finally determined.

Caselaw also supports our conclusion that an award of fees is not held in abeyance pending a decision on entitlement to those fees. The cases in which the courts have found an award of attorney's fees premature are factually distinguishable. In those cases, the merits of the underlying action giving rise to the right to attorney's fees – determining the prevailing party – had yet to be finally determined. *Hutchings*, upon which the Division relied, illustrates this critical factual difference.

In *Hutchings*, the Division of Mental Retardation and Developmental Disabilities of the Department of Mental Health placed Hutchings, a mentally-retarded and developmentally-disabled individual, on a waiting list for support services. Hutchings sought judicial review in the circuit court. The court reversed, ordering the division to remove Hutchings from the waiting list and provide him with a waiver slot. The court at the same time awarded attorney's fees to Hutchings pursuant to Section 536.087. The division appealed both the reversal and the fee award to this Court. We held that the award of attorney's was premature because the merits of the underlying order placing Hutchings on the waiting list for support services had not been finally determined at the time the circuit court made its award. *Hutchings*, 151 S.W.3d at 91-92.

9

*Lincoln County Stone* is yet another example. There, the Land Reclamation Commission granted a mining permit for operation of quarry. Neighbors of the proposed quarry sought judicial review of the Commission's decision. The circuit court rescinded the permit, and the Commission appealed to this Court. While the case was in this Court on appeal, the neighbors filed an application for attorney's fees pursuant to Section 536.087. We reversed and remanded for further proceedings. We then held that a decision on the neighbors' fee application was not ripe for adjudication because the underlying merits of the case had not been finally determined. 21 S.W.3d at 148-149. *Lincoln County Stone Co., Inc. v. Koenig*, 21 S.W.3d 142 (Mo. App. E.D. 2000).

*Rednam* also illustrates this distinction. There, the State Board of Registration for Healing Arts revoked Rednam's physician's license and barred him for applying for reinstatement for seven years. Rednam sought judicial review in the circuit court. The court affirmed the revocation but reversed the board's determination that Rednam could not apply for reinstatement for seven years. The board appealed to the court of appeals. The appeals court reversed and remanded the case for specific findings of fact. The court additionally held that a decision on Rednam's attorney's fee application, filed pursuant to Section 536.087, was not ripe for adjudication because the merits regarding the underlying agency decision to revoke physician license had not been finally determined. *Rednam v. State Bd. of Registration for Healing Arts*, 316 S.W.3d 357, 362 n.5 (Mo. App. W.D. 2010).

*CMR Construction* is yet another case in which the court deemed attorney's fees premature because the underlying action had not been finally determined. There, the Division of Employment Security issued notice of liability to a construction company, stating that the company was required to pay unemployment taxes and comply with various reporting

10

regulations. The company appealed that determination to the division's appeals tribunal. The company failed to appear at the hearing, and the tribunal dismissed the appeal. The company appealed to the Labor and Industrial Relation's Commission. The Commission dismissed that appeal as untimely. The company appealed the Commission's decision to the Court of Appeals. The appeals court, finding the record insufficient, reversed the Commission's decision and remanded the matter to the Commission for further proceedings. The court then denied the company's motion for attorney's fees pursuant to Section 536.087 as premature because the underlying matter at the agency level had not been finally determined. *CMR Constr. & Roofing, LLC v. Div. of Employment Sec.*, 174 S.W.3d 722 (Mo. App. W.D. 2005).

In all these cases, which held that an award of attorney's fees pursuant to Section 537.087 was premature, the underlying matter had not yet been determined, be it placement on wait list in *Hutchings*, the quarry permit in *Lincoln Stone*, reinstatement in *Redman*, or liability for unemployment insurance taxes in *CMR Construction*. Here, in contrast, the issues in the underlying action for child-support arrearages are finally determined. The hearing officer determined that father owed no arrearages. The officer made that determination in September of 2012, and the Division did not contest the determination.

The Division cited no case, and we have found none, where the court withheld the award of fees while the appeals court reviewed whether the party was eligible for those fees, as the circuit court has done in this case. In fact, we found the contrary. In cases where the State appealed a determination that a party was entitled to attorney's fees, the circuit court entered a fee award. *See Sprenger v. Missouri Dept. of Public Safety*, 248 S.W.3d 626 (Mo. App. W.D. 2008)(employee who successfully appealed termination to personnel hearing board petitioned for attorney fees; the circuit court awarded fees at statutory rate; the department then appealed the

11

award of fees, raising the issues of whether proceedings were a contested case and whether its actions were justified); *see also State ex rel. Div. of Transp. v. Sure-Way*, 948 S.W.2d 451 (Mo. App. W.D. 1997).

The circuit court incorrectly vacated the award of attorney's fees as premature. No final judgment exists in this case, thus this Court does not have the authority to entertain the case at this time. We therefore dismiss the appeal and remand the case to the circuit court for entry of a final judgment.

_____
LAWRENCE E. MOONEY, JUDGE


CLIFFORD H. AHRENS, P.J. and
GLENN A. NORTON, J. concur.

12