Dewayne SPRENGER, Appellant–Respondent,

v.

MISSOURI DEPARTMENT OF PUBLIC SAFETY, Division Of Alcohol & Tobacco Control, Respondent–Appellant.

Nos. WD 68034, WD 68211.

Missouri Court of Appeals, Western District.

March 4, 2008.

David J. Moen, Jefferson City, for appellant-respondent.

Theodore A. Bruce, Jefferson City, for respondent-appellant.

Before RONALD R. HOLLIGER, P.J., HAROLD L. LOWENSTEIN, and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

**Factual and Procedural Background**

The Missouri Department of Public Safety (DPS), Division of Alcohol and Tobacco Control (ATC), employed Mr. Dewayne Sprenger for more than eleven years. Mr. Sprenger held numerous positions at the department and, at the time of the events in this case, he was a Computer Information Technology Supervisor. Mr. Dale Roberts was appointed the new Supervisor of the Division and terminated Mr. Sprenger shortly after he took the position. Mr. Roberts issued a detailed four-page single-spaced termination letter. The grounds given for the termination were that Mr. Sprenger was not knowledgeable and was unresponsive

to questions about all aspects of the ATC's hardware and software. Mr. Sprenger responded with a detailed letter addressing each of the grounds listed.

Mr. Sprenger appealed the termination. Pursuant to section 36.390.8,[1] the director of DPS appointed a Personnel Hearing Board (PHB) to conduct his appeal.[2] The PHB found that Mr. Roberts failed to demonstrate that Mr. Sprenger's termination was for the good of the service because his service as a programmer was necessary to the functioning of ATC, Mr. Roberts's complaints against Mr. Sprenger did not establish that he should be terminated for the good of the service, and Mr. Sprenger's termination had an adverse effect on ATC. The PHB unanimously recommended that Mr. Sprenger be reinstated. However, it also recommended that the director consider reclassifying Mr. Sprenger because he did not possess the qualities of a supervisor and, although he was classified as a supervisor, he functioned primarily in a technical position.

Mr. Sprenger sent an Application for Attorney[ ] Fees to the director of DPS; the general counsel for DPS, which advised PHB; and an assistant attorney general. He requested that his attorney fees be reimbursed as provided for by section 536.087. In reply, DPS's general counsel sent a letter stating that because it was not a contested case, Mr. Sprenger could not recover attorney fees. Furthermore, the letter stated, "even if attorney[ ] fees were available, it was not shown that Supervisor Roberts was unjustified in taking disciplinary action against Mr. Sprenger; and, therefore, Mr. Sprenger would not be entitled to attorney[ ] fees." Mr. Sprenger

1. All statutory references are to RSMo 2000 and the Cumulative Supplement 2005.

2. Section 36.020 denotes such a board as a personnel advisory board. The board in this case has been denoted a Personnel Hearing

Board by the board itself, but it was created under section 36.050 and serves the same function and follows the same rules as a personnel advisory board.

filed a petition for attorney fees to the Cole County Circuit Court, which included the general counsel's letter as an exhibit.

After a hearing, the circuit court found that the matter was a contested case, and Mr. Sprenger was entitled to attorney fees because the supervisor's termination of Mr. Sprenger was not substantially justified. The circuit court awarded attorney fees at the statutory rate of seventy-five dollars per hour. § 536.085. The State appeals the award of attorney fees by the Circuit Court. Mr. Sprenger appeals the award of the statutory amount in attorney fees stating that due to special circumstances he should have received a higher rate.

## Standard of Review

Section 536.087.7 defines the scope of our review. We may "modify, reverse, or reverse and remand the determination of fees and other expenses if the court finds that the award or failure to make an award of fees and other expenses, or the calculation of the amount of the award, was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence or was made contrary to law or in excess of the court's or agency's jurisdiction." § 536.087.7. We view the evidence in the light most favorable to the judgment. *Dishman v. Joseph,* 14 S.W.3d 709, 715 (Mo.App. W.D.2000).

## Legal Analysis

The decision of the PHB is reflected only in the letter written by the general counsel. This letter stated that it was not a contested case and continues that, even if it were a contested case, Mr. Sprenger had not shown that Mr. Roberts's position was unjustified. This letter was insufficient under the law. Section 536.087.6 requires the decision of a court or agency regarding attorney fees to be issued in writing separate from the judgment or order, which determined the prevailing party in the underlying action. The writing shall include written findings of fact and conclusions and the reason or basis therefor. *Id.* These writings

> "must, at a minimum, state in writing its findings regarding the amount (if any) of fees and expenses to which the applicant is entitled, its conclusions regarding whether the applicant was a 'prevailing party' and whether the position of the State was 'substantially justified,' and a concise but clear explanation of the reasons for those findings and conclusions. The decision should also explain any other reasons or basis that the court or agency relied on in reaching its decision, or in resolving any specific contentions relative to the fee application that either party may have raised."

*McMahan v. Mo. Dep't of Soc. Servs., Div. of Child Support Enforcement,* 980 S.W.2d 120, 124 (Mo.App. E.D.1998). We review the decision of the PHB, not the decision of the trial court. *Dishman,* 14 S.W.3d at 715. We review questions of law *de novo. Hutchings ex rel. Hutchings v. Roling,* 193 S.W.3d 334, 346 (Mo.App. E.D.2006). However, since the record is sufficiently clear as to the reasons for Mr. Roberts's decision to terminate as well as the reasons the PHB used to recommend demotion, we will address the merits of this case.

■ First, we note the PHB was incorrect as a matter of law that the termination hearing was not a contested case. Although the State conceded for the purposes of this appeal that it was a contested case, we will determine the merits of PHB's position. The hearing was convened according to section 36.390.8; such hearings are contested cases. § 36.390.11.

■ Next we must determine whether the decision provided by the letter was

arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence or was made contrary to law or in excess of the court's or agency's jurisdiction § 536.087.7. By statute the prevailing party challenging an agency action is entitled to attorney fees if the agency's decision was not substantially justified. § 536.087.1. The burden is on the agency to prove that its actions were substantially justified. *Dishman*, 14 S.W.3d at 715. An action is substantially justified if it has a reasonable basis in law and fact. *Id.* at 716.

In its recommendation to reinstate Mr. Sprenger in a non-supervisory position the PHB did not use any of the reasons specifically mentioned in the termination letter for Mr. Sprenger's dismissal to recommend his demotion. Although the letter mentions his supervisory practices, it does not describe any deficiencies in detail. Rather the letter lists a number of complaints about Mr. Sprenger's communication skills and his lack of knowledge about the position. The PHB, referring to his role as a supervisor in recommending his demotion, listed the factors that influenced this decision: he did "not possess the initiative expected of a supervisor, he handles problems after the fact and does not anticipate problems or needs." This reasoning is different from the bare allegation regarding his supervisory skills in the termination letter.

Furthermore, Mr. Roberts testified that he did not conduct a counseling session with Mr. Sprenger about any of these alleged deficiencies nor did he give Mr. Sprenger a warning. Thus, Mr. Sprenger was not aware of these alleged deficiencies and had no opportunity to respond until after he was terminated. In fact, after receiving the termination letter, Mr. Sprenger gave timely and reasonable explanations for the perceived deficiencies.

Given these facts, there was no substantial justification for Mr. Roberts's actions. Had he inquired about the issues he had with Mr. Sprenger, the issues could have been addressed and possibly corrected without the need for termination. The bases set forth in the letter for termination were unreasonable when examined in light of the explanations provided by Mr. Sprenger. Without these explanations, Mr. Roberts's reasons may have justified termination, but Mr. Roberts made no effort to communicate these problems with Mr. Sprenger until he gave him the letter of termination.

Finally, we will discuss whether Mr. Sprenger is entitled to attorney fees at a rate higher than the statutory rate. We review the decision of the PHB. *Dishman*, 14 S.W.3d at 715. "[A]ttorney fees shall not be awarded in excess of seventy-five dollars per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." § 536.085(4). Because the PHB stated that attorney fees were not justified, it did not address whether attorney fees greater than the statutory amount were justified. Thus, we remand for the PHB to fully consider the attorney fees issue.

We reverse the decision of the PHB because Mr. Sprenger's action was a contested case, and the agency's decision to terminate Mr. Sprenger was not substantially justified. Thus, Mr. Sprenger was entitled to attorney fees. We remand to the PHB for a determination of the amount of attorney fees.

Ronald R. Holliger, P.J. and Harold L. Lowenstein, J., concur.