Dewayne SPRENGER, Appellant,

v.

MISSOURI DEPARTMENT OF PUB-
LIC SAFETY, Division of Alcohol &
Tobacco Control, Respondent.

No. WD 71745.

Missouri Court of Appeals,
Western District.

Sept. 21, 2010.

Application for Transfer to Supreme
Court Denied Nov. 2, 2010.

Application for Transfer Sustained
Jan. 25, 2011.

Case Retransferred June 28, 2011.

Court of Appeals Opinion Re-adopted
July 5, 2011.

David J. Moen, Jefferson City, MO, for Appellant.

Chris Koster, Attorney General, Theodore A. Bruce, Assistant Attorney General, Jefferson City, MO, LaSandra F. Morrison, Assistant Attorney General, Kansas City, MO, for Respondent.

Before Division I: JAMES M. SMART, JR., Presiding Judge, and MARK D. PFEIFFER and CYNTHIA L. MARTIN, Judges.

MARK D. PFEIFFER, Judge.

Appellant Dewayne Sprenger ("Sprenger") appeals from a Judgment of the Circuit Court of Cole County, Missouri ("trial court"), affirming the Department of Public Safety's Personnel Hearing Board (the "Board") decision awarding attorney fees at the rate of $75 per hour, pursuant to section 536.085.[1] We affirm.

### Factual and Procedural Background

Sprenger was an employee of the Missouri Division of Alcohol and Tobacco Control (the "agency"), who appealed his proposed termination by the Division Supervisor. The Director of the Missouri Department of Public Safety appointed the Board to hear Sprenger's appeal and issue findings and recommendations. The Board unanimously recommended that Sprenger be reinstated. Sprenger demanded reimbursement of his attorney fees. The Board rejected Sprenger's request on the grounds that his administrative appeal of his termination was not a contested case and there was no showing that the employing agency had acted without substantial justification. Sprenger appealed to the Cole County Circuit Court, and that court concluded that: (1) the proceeding before the Board was, in fact, a contested case; (2) the agency was not substantially justified in terminating Sprenger; and (3) Sprenger was entitled to an award of attorney fees—ordering that his attorney fees be paid at the statutory rate of $75 per hour. § 536.085. Sprenger appealed to this court, and we, too, ruled that the agency decision was both a contested case and the agency's actions were not substantially justified. *Sprenger v. Mo. Dep't of Pub. Safety*, 248 S.W.3d 626, 628–29 (Mo.App. W.D.2008). In the same appeal, Sprenger also requested that we award attorney fees in excess of the statutory amount due to special circumstances. *Id.* at 629. Because the Board had not developed the facts relating to the issue of whether attorney fees greater than the statutory amount were justified, we remanded the case to the Board to make findings relevant to that issue and to determine the attorney fees to be awarded to Sprenger. *Id.*

On remand, the Board heard evidence and made the following finding, in pertinent part:

> Attorney Roger Brown testified on behalf of Mr. Sprenger on the issue of whether the attorney's fees should be paid at a rate higher than the statutory one of $75, established in § 536.085(4), RSMo. Mr. Brown's testimony consisted almost entirely of statements that attorneys usually charge more than $75 per hour for these type cases. Section 536.085(4), RSMo., states that "attorney fees shall not be awarded in excess of seventy-five dollars per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." The board finds that a typically higher rate is not a special factor that would justify

1. All statutory references are to RSMo 2000 unless otherwise noted.

awarding fees above the statutory rate and Mr. Brown did not provide evidence for any other factor, such as limited availability of qualified attorneys for this type case. Furthermore, in the Cole County Circuit Court case, Judge Callahan found that the statutory rate was appropriate, and the Board has found no reason to disturb the Court's determination. Therefore, Attorney Moen's fees will be reimbursed at the statutory rate.

The Board issued its findings of fact and conclusions of law, awarding Sprenger attorney fees in the amount of $75 per hour, totaling $15,325.07. Sprenger appealed that decision to the trial court, which issued its Findings of Fact, Conclusions of Law, and Judgment affirming the Board's award of attorney fees. Sprenger now appeals the judgment of the trial court, asserting that special circumstances exist that entitle him to full remuneration of attorney fees above those specifically allowed by section 536.085.

## Standard of Review

Section 536.087.7 defines the scope of our review. In pertinent part, it states:
The reviewing or appellate court's determination on any judicial review or appeal heard under this subsection shall be based solely on the record made before the agency or court below. The court may modify, reverse or reverse and remand the determination of fees and other expenses if the court finds that the award or failure to make an award of fees and other expenses, or the calculation of the amount of the award, was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, or was made contrary to law or in excess of the court's or agency's jurisdiction.

■ We review the Board's decision and not the decision of the trial court. *Spren-*

*ger*, 248 S.W.3d at 628. While questions of law are subject to *de novo* review, we defer to the Board's fact-finding and credibility determinations. *Dishman v. Joseph*, 14 S.W.3d 709, 715 (Mo.App. W.D.2000); *Sprenger*, 248 S.W.3d at 628.

## Discussion

■ In his sole point on appeal, Sprenger argues that the trial court acted unreasonably, abused its discretion, made its decision based upon conclusions not supported by competent evidence and contrary to law by finding that the prevailing market rate for competent attorneys was not a "special factor" which justified an award of attorney fees in excess of the statutorily allowed amount of $75 per hour because the prevailing market rate for similar legal services in the area was $175 per hour.

Section 536.085(4) defines reasonable fees and expenses to include, "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court or agency to be necessary for the preparation of the party's case, and reasonable attorney or agent fees." The statute further provides that, "[t]he amount of fees awarded as reasonable fees and expenses shall be based upon prevailing market rates for the kind and quality of the services furnished, *except that* [1] no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the state in the type of civil action or agency proceeding, and [2] *attorney fees shall not be awarded in excess of seventy-five dollars per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee[.]*" § 536.085(4) (emphasis added).

Appellant relies upon *Hutchings ex rel. Hutchings v. Roling*, 193 S.W.3d 334 (Mo. App. E.D.2006). In *Hutchings*, while the court referenced the fact that there was no attorney in the *St. Louis metropolitan area* that would handle *any* case for $75 per hour, the "special factor" relied upon in the opinion was that there simply was no other attorney in the *area of Medicaid regulatory law* that was able and willing to take *Plaintiff's Medicaid* case. *Id.* at 350. The evidence in *Hutchings* was that:

> [P]laintiff's case was "incredibly complicated," because it involved federal statutes and regulations, which [the testifying legal expert] said had been described by Missouri courts as an "impenetrable Serbonian bog," as well as unwritten or unpublished Missouri policies and procedures, and that plaintiff's case required an attorney who was experienced in state and federal Medicaid statutes, regulations and procedures and in appellate litigation.

*Id.* at 344.

Thus, the *Hutchings* court concluded that "[t]here was uncontroverted evidence that [plaintiff's attorney] was the only available attorney in the metropolitan St. Louis area who could and would handle plaintiff's case," and this justified the conclusion that there was a limitation on the availability of qualified attorneys for the proceedings involved—and hence, the statutory "special factor" was satisfied. *Id.* at 350.

■ In contrast, Sprenger's only "special factor" evidence in the present case is testimony that the "prevailing rate" for attorneys in the mid-Missouri area is well in excess of $75 per hour. Assuming *arguendo* that no attorney could be found in this area that would take any type of case for $75, the logic of Sprenger's argument would eviscerate the statutory cap, as all proceedings would present the "special factor" Sprenger advocates. "We are not permitted by judicial fiat to change the law to what we believe it should be."[2] *Hudson v. State*, 190 S.W.3d 434, 442 (Mo. App. W.D.2006). Sprenger's argument, though strong in common sense, wholly undermines the intent of Missouri's Legislature in controlling the statutorily authorized attorney fee for these proceedings. Simply put, "[i]t is the General Assembly's prerogative as to what the law should be." *Id.* at 441. The job of the judicial branch is to declare the law, not make the law.

As Sprenger argues and we have said before, section 536.087 was patterned after the Federal Equal Access to Justice Act, 28 U.S.C. § 2412 (1982) ("EAJA"). *Dishman*, 14 S.W.3d at 716.[3] Like Missouri's

---

2. We empathize with Sprenger and his attorney. As we have said before, the intent of section 536.087 is to "increase the accountability of the administrative agencies." *Dishman*, 14 S.W.3d at 716. The statute, however, can hardly satisfy this intent when the authorized statutory hourly rate for attorney fees has not been increased by our legislature for over two decades. Conversely, the Federal Equal Access to Justice Act, 28 U.S.C. § 2412 (1982) ("EAJA"), which Missouri's section 536.087 is patterned after, *id.*, has both increased the minimum hourly rate to $125 and includes a cost-of-living-adjustment feature relating to attorney fees. Nonetheless, as we describe in our ruling today, our disfavor with the "antiquity" of section 536.085–87 does not give us the right to encroach upon the right of our General Assembly to decide when and if Missouri statutes should be modified. One would hope that our General Assembly would see this case as an illustration of the need for debate upon section 536.085(4) and whether it continues to serve the original intent of policing the conduct of our state administrative agencies.

3. Though section 536.087 was patterned after the EAJA, it is not identical in form and substance. *Stigger v. Mann*, 263 S.W.3d 721, 728 (Mo.App. W.D.2008). However, some provisions, like the one described in our ruling today, are worded in identical fashion and

statutory scheme, the EAJA has a "special factor" notation referring to the "limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412(2)(A). And, in a case interpreting this language, the United States Supreme Court stated as follows:

> If "the limited availability of qualified attorneys for the proceedings involved" meant merely that lawyers skilled and experienced enough to try the case are in short supply, it would effectively eliminate the $75 cap—since the "prevailing market rates for the kind and quality of the services furnished" are obviously *determined* by the relative supply of that kind and quality of services. "Limited availability" so interpreted would not be a "special factor," but a factor virtually always present when services with a market rate of more than $75 have been provided. We do not think Congress meant that if the rates for all lawyers in the relevant city—or even in the entire country—come to exceed $75 per hour ..., then that market-minimum rate will govern instead of the statutory cap. To the contrary, the "special factor" formulation suggests Congress thought that $75 an hour was generally quite enough public reimbursement for lawyers' fees,[4] whatever the local or national market might be. If that is to be so, the exception for "limited availability of qualified attorneys for the proceedings involved" must refer to attorneys ... having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation. Examples of the former would be an identifiable practice specialty such as patent law, or knowl-
> edge of foreign law or language. Where such qualifications are necessary and can be obtained only at rates in excess of the $75 cap, reimbursement above that limit is allowed.

*Pierce v. Underwood,* 487 U.S. 552, 571–72, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (footnote omitted).

In the case at bar, the Board determined that, "a typically higher rate is not a special factor that would justify awarding fees above the statutory rate." Given the express language of the statute, we cannot determine that this finding was arbitrary and capricious, was unreasonable, was unsupported, or was made contrary to law. Further, competent and substantial evidence exists in the record to support the findings of the Board that there was not a "limited availability of qualified attorneys for this type of case." Sprenger concedes as much in his argument to this court, never asserting that there was a lack of attorneys in the area that were capable of representing him before the Board, only rather, that there is an absence of attorneys that would do so for $75. Such a "market rate" consideration, in and of itself, does not constitute a special factor justifying enhancement of the statutorily allowed attorney fees.

### Conclusion

Sprenger's point on appeal is denied and the judgment below is affirmed.

JAMES M. SMART, JR., Presiding Judge, and CYNTHIA L. MARTIN, Judge, concur.

---

precedent from our U.S. Supreme Court interpreting the meaning thereof is highly relevant to our discussion of the identical provision in our Missouri statutory scheme.

4. We again note that Congress has since raised that rate to $125 per hour—in 1997.